[Cite as *Supportive Solutions Training Academy, L.L.C. v. Elec. Classroom of Tomorrow*, 2012-Ohio-1185.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos.   95022 and 95287**

# SUPPORTIVE SOLUTIONS TRAINING ACADEMY L.L.C.

PLAINTIFF-APPELLEE

vs.

# ELECTRONIC CLASSROOM OF TOMORROW

DEFENDANT-APPELLANT

## JUDGMENT:
## DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CV-652873

**BEFORE:**   Keough, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   March 22, 2012

**ATTORNEYS FOR APPELLANT**

Paul W. Flowers
Paul W. Flowers Co., LPA
Terminal Tower, 35th Floor
50 Public Square
Cleveland, OH 44113

John A. Demer
James A. Marniella
Demer & Marniella, LLC
2 Berea Commons, Suite 200
Berea, OH 44017

Deena M. Giordano
3700 High Street
Columbus, OH   43207


**ATTORNEYS FOR APPELLEE**

Maureen Connors
Ann S. Vaughn
Connors & Vaughn
6000 Freedom Square Drive
Suite 165
Independence, OH 44131

KATHLEEN ANN KEOUGH, J.:

**{¶1}** In this consolidated appeal, defendant-appellant, Electronic Classroom of Tomorrow ("ECOT"), appeals various rulings by the trial court and the jury's award for monetary damages in favor of plaintiff-appellee, Supportive Solutions Training Academy, L.L.C. ("Supportive Solutions"). ECOT raises the following assignments of error:

Appeal No. 95022

I. The trial judge erred, as a matter of law, in failing to grant summary judgment upon [Supportive Solutions'] claims of implied contract [because the merits of the case warranted summary judgment or breach of implied contracts do not apply to political subdivisions].

II. Summary judgment was improperly denied, as a matter of law, upon [Supportive Solutions'] unsubstantiated claim of defamation [because the merits of the case warranted summary judgment or the claim of defamation is barred by political subdivision immunity].

III. Summary judgment was warranted, as a matter of law, on the claims of negligent misrepresentation [because the merits of the case warranted summary judgment or political subdivisions are immune from claims of negligent misrepresentation].

IV. The trial judge abused his discretion in denying [ECOT's] motion for leave to amend [its] answer [to assert the affirmative defense of political subdivision immunity].

Appeal No. 95287

I.   The trial judge abused his discretion in denying [ECOT's] motion for leave to amend [its] answer [to assert the affirmative defense of political subdivision immunity].

II.   The trial judge erred, as a matter of law, in failing to grant summary judgment upon [Supportive Solutions'] claims of implied contract [because the merits of the case warranted summary judgment or breach of implied contracts do not apply to political subdivisions].

III.   Summary judgment was improperly denied, as a matter of law, upon [Supportive Solutions'] claim of defamation [because the merits of the case warranted summary judgment or the claim of defamation is barred by political subdivision immunity].

IV.   Summary judgment was warranted, as a matter of law, on the claims of negligent misrepresentation [because the merits of the case warranted summary judgment or political subdivisions are immune from claims of negligent misrepresentation].

V. [ECOT] was entitled to either a directed verdict or a new trial upon the claim of breach of express contract.

VI.   The trial judge abused his discretion by granting pre-judgment interest

in favor of [Supportive Solutions] under R.C. 1343.03.

## I.   Facts and Procedural History

{¶2} The jurisdictional complexity and procedural history in this case are convoluted, confusing, and mimic a tortuous law school civil procedure final exam.

{¶3} The facts and case history were set forth in *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149 ("*ECOT I*"):

[ECOT] is a community school established pursuant to R.C. Chapter 3314. ECOT was the first Internet-based community school in Ohio and is

currently the state's largest community school.  Its operating revenues are derived almost exclusively from state and federal funds.

ECOT entered into a series of service agreements with respondent Supportive Solutions Training Academy, L.L.C. ("Supportive Solutions") to take effect beginning in the 2007-2008 school year.  ECOT paid Supportive Solutions $107,110, which ECOT believed was all that was due under the agreements, but Supportive Solutions claimed that it was entitled to more. Supportive Solutions went out of business and provided no further services to ECOT after December 2009.

In March 2008, Supportive Solutions filed a suit for damages against ECOT and others in the Cuyahoga County Court of Common Pleas.  The case, which was designated *Supportive Solutions Training Academy, L.L.C. v. Electronic Classroom of Tomorrow,* Cuyahoga Cty. C.P. [C]ase No. CV 08 652873, included claims of breach of implied contract, misrepresentation, negligent misrepresentation, promissory estoppel, unjust enrichment, fraud, fraud in the inducement, respondeat superior, and defamation.  The case was originally assigned to Judge Ronald Suster.  ECOT and the other defendants filed an answer in which they did not raise the affirmative defense of political-subdivision immunity.   In December 2008, Supportive Solutions filed an amended complaint to raise a claim of tortious interference with business relations against a new defendant, Lucas County Educational Service Center ("Service Center").  In ECOT's answer to the amended complaint, it again did not raise political-subdivision immunity as an affirmative defense.

In January 2009, Service Center moved to dismiss Supportive Solutions' claim against it based on, among other things, political-subdivision immunity.  Shortly thereafter, Service Center was dismissed from the case. Nearly a year later, in January 2010, ECOT raised for the first time the defense of political-subdivision immunity in its motion for partial summary judgment.  After Supportive Solutions claimed that ECOT had waived this affirmative defense by failing to raise it in the answer, ECOT filed a motion for leave to file an amended answer.  Judge Suster denied ECOT's motion in an entry journalized in April 2010.  Judge Suster also granted ECOT and the other defendants' motion for partial summary judgment on the claims of fraud and intentional misrepresentation and ordered that the remaining claims be resolved at the scheduled trial.

ECOT and the other defendants appealed from the court's decision denying their motion for leave to amend their answer to include the affirmative defense of political-subdivision immunity. Supportive Solutions moved to stay the trial court case pending resolution of ECOT's appeal. In its motion, Supportive Solutions conceded that of the remaining causes of action against ECOT, the motion for leave to amend the answer "would have an impact on seven" of them. The trial proceeded before Judge James D. Sweeney, who denied ECOT's motion to limit the evidence to Supportive Solutions' express-contract claims and any other matters that were not currently under the jurisdiction of the court of appeals.

On May 7, 2010, the jury returned a verdict for Supportive Solutions and against ECOT and the other defendants for $1,000,000 for breach of implied contract, $120,000 for negligent misrepresentation, and $86,400 for breach of express contract. Judge Sweeney entered a judgment reflecting the jury verdict, granted Supportive Solutions prejudgment interest in the amount of $104,973.32, and denied ECOT's motion for judgment notwithstanding the verdict or for a new trial. ECOT appealed from the judgment, and ECOT's motion for stay of execution of the judgment was denied.

ECOT then filed a motion in the court of appeals for a stay of execution of the common pleas court's judgment pending appeal, and Supportive Solutions filed a motion for a supersedeas bond. On July 30, 2010, the court of appeals granted the stay but conditioned it on ECOT's posting of a supersedeas bond in the amount of $1,210,000. On the same day, the court of appeals dismissed ECOT's earlier appeal from the common pleas court's denial of its motion for leave to file an amended answer for lack of a final, appealable order.

On August 10, 2010, ECOT filed this action for extraordinary relief. ECOT requests a writ of prohibition to prevent respondents, Cuyahoga County Court of Common Pleas, Judge Suster, and Judge Sweeney, from enforcing the allegedly invalid portion of its judgment in the underlying case, a writ of mandamus requiring the common pleas court and judges to vacate that portion of the judgment, and, insofar as any money judgment against ECOT remains, a writ of mandamus to compel the common pleas court and judges to issue a stay of execution without bond pursuant to Civ.R. 62(C). ECOT also named Supportive Solutions as a respondent but did not request any relief against it. A few days later, ECOT filed a motion for an emergency stay of execution of the judgment. On August 17, we granted ECOT's motion and an alternative writ. 126 Ohio St.3d 1536, 2010-Ohio-3840, 931

N.E.2d 1099. On August 20, the court of appeals stayed its consideration of ECOT's appeal and related appeals pending our disposition of this writ case. The parties have submitted evidence and briefs in this case. *Id.* at ¶ 2-9.

**{¶4}** In *ECOT I*, the Ohio Supreme Court concluded:

Based on the foregoing, ECOT has established its entitlement to a writ of prohibition to prevent the common pleas court, Judge Suster, and Judge Sweeney from enforcing the portions of the judgment in the underlying civil case that were subject to an appeal filed by ECOT from the denial of its motion for leave to amend its answer and a writ of mandamus ordering the common pleas court and judges to vacate those portions of the judgment. ECOT is also entitled to a writ of mandamus to compel the common pleas court, Judge Suster, and Judge Sweeney to stay the portion of the judgment relating to the breach of express contract without requiring the posting of bond pending ECOT's appeal of the judgment. *Id*. at ¶ 31.

## II. Effect of *ECOT I* and this Court's Jurisdiction

**{¶5}** The Ohio Supreme Court's judgment entry and opinion in *ECOT I*, effectively divested this court of jurisdiction to consider the appeals filed by ECOT. By vacating the judgments rendered on the counts of implied contract and negligence, we now lack a final appealable order to consider the merits of the appeals filed because all claims raised in the complaint and counterclaim have not been disposed.

**{¶6}** "When there are multiple claims and/or multiple parties to an action, an order of a court is a final, appealable order only if the requirements of both R.C. 2505.02 and Civ.R. 54(B) are met." *Qualchoice Health Plan, Inc. v. Progressive Quality Care, Inc.*, 8th Dist. No. 95046, 2011-Ohio-483, ¶ 13, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus. Under Civ.R 54(B), when more than one claim for relief is presented in an action, a court may enter final judgment as to fewer

than all the claims "only upon an express determination that there is no just reason for delay." In the absence of such a determination, "any order * * * which adjudicates fewer than all the claims * * * shall not terminate the action as to any of the claims or parties." *Id.*

**{¶7}** In essence, the Ohio Supreme Court's decision reverts this case back and prior to trial, as if the trial were a nullity on the claims that were affected by the first appeal, i.e., all claims except the breach of express contract. Accordingly, pursuant to R.C. 2505.02 and Civ.R. 54(B), we lack a final, appealable order because all claims raised by Supportive Solutions and ECOT's counterclaims have not been disposed of, which are interdependent on another. Furthermore, because the requisite Civ.R. 54(B) language is not included in the trial court's judgment entries, ECOT's appeal relating to the judgment rendered on Supportive Solutions' breach of express contract claim (its fifth and sixth assignments of error) is not final and appealable, but interlocutory. Because no final, appealable order exists, all interlocutory orders are not ripe for review, including the denial of ECOT's motion for partial summary judgment and motion for leave to file an amended answer, which will be further discussed below.

### III. Motion for Leave to File an Amended Answer

**{¶8}** ECOT contends in its fourth assignment of error in App. No. 95022, and its first assigned error in App. No. 95287, that the trial court abused its discretion in denying its motion for leave to file an amended answer to assert the affirmative defense of political subdivision immunity.

{¶9} Prior to reaching the merits of any appeal, an appellate court must ensure it has jurisdiction. "'It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction.'" *Digiorgio v. City of Cleveland*, 8th Dist. No. 95945, 2011-Ohio-5824, ¶ 4*, quoting *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). Generally, a motion for leave to file an amended answer is not a final, appealable order. However, ECOT contends that R.C. 2744.02(C) provides an exception to this rule.[1]

{¶10} Under R.C. 2744.02(C), "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."

{¶11} Therefore, the issue before this court is whether a motion for leave to file an amended answer to assert the affirmative defense of political subdivision immunity is a final, appealable order. After reviewing the case law, we find this issue is one of first impression but one that Justice Pfeifer contemplated in his dissent in *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878.

{¶12} In *Hubbell*, the Ohio Supreme Court held that "when a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and is therefore a final, appealable order pursuant to R.C. 2744.02(C)." *Id.* at syllabus

---

[1]ECOT raised this argument in its motion to reinstate appeal of immunity issues filed on June 30, 2011.

**{¶13}** As this court recognized in the en banc decision in *Digiorgio v. City of Cleveland*, 8th Dist. No. 95945, 2011-Ohio-5824, "although decided in the context of a motion for summary judgment, the *Hubbell* court made clear that its holding was not limited to only motions for summary judgment." *Digiorgio* at ¶ 5. The Ohio Supreme Court held,

> We conclude that the use of the words "benefit" and "alleged" illustrates that the scope of this provision is not limited to orders delineating a "final" denial of immunity. R.C. 2744.02(C) defines as final a denial of the "benefit" of an "alleged" immunity, not merely a denial of immunity. Therefore, the plain language of R.C. 2744.02(C) does not require a final denial of immunity before the political subdivision has the right to an interlocutory appeal.
>
> * * *
>
> Accordingly, we hold that when a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and is therefore a final, appealable order pursuant to R.C. 2744.02(C). *Hubbell* at ¶ 12, 27.

**{¶14}** The *Hubbell* court explained the policy reasons for its broad interpretation of R.C. 2744.02(C) as follows: "As the General Assembly envisioned, the determination of immunity [should] be made prior to investing the time, effort, and expense of the courts, attorneys, parties, and witnesses * * * ." *Id*. at ¶ 26, quoting *Burger v. Cleveland Hts*., 87 Ohio St.3d 188, 199-200, 718 N.E.2d 912 (1999).

**{¶15}** However, the question before this court is whether this broad interpretation encompasses motions for leave to file amended responsive pleadings. We find that it does not.

**{¶16}** We find most significant the cases wherein *Hubbell* and its progeny are cited and relied on for authority involve dispositional-type motions, i.e., Civ.R. 12(B)(6) motions to dismiss, Civ.R. 12(C) motions for judgment on the pleadings, and Civ.R. 56 motions for summary judgment. *See, e.g.*, *Digiorgio*; *Rucker v. Newburg Hts.*, 8th Dist. No. 89487, 2008-Ohio-910; *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522. To expand *Hubbell* to include orders such as denial of leave to file amended pleadings or motions would open the door for political subdivisions to challenge all adverse rulings potentially affecting its immunity defense with an immediate appeal. We do not believe *Hubbell* was intended to be read this broadly.

**{¶17}** Although the policy reasons behind *Hubbell* are to determine the immunity issues prior to a determination of the merits, there should also be a competing policy that a political subdivision should timely assert its immunity defense so that the other litigant does not devote its time and resources in litigating a lawsuit that could be barred by immunity. Interpreting *Hubbell* this broadly could lead to potential abuse by political subdivisions by sitting on its rights and responsibilities to assert a timely immunity defense, knowing that any denial would be immediately appealable.

**{¶18}** We find our interpretation of *Hubbell* consistent with the waiver provisions of the Ohio Rules of Civil Procedure. An affirmative defense can be waived if it is not timely asserted, including the defense of immunity. We find that no caveat or niche has yet been carved out giving a political subdivision an exception to the waiver provision of the Civil Rules.

{¶19} In *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 1999-Ohio-207, 706 N.E.2d 1261, the Ohio Supreme Court considered whether granting a motion for leave to amend an answer was an abuse of discretion. The Ohio Supreme Court held that a political subdivision waived its right to assert the statutory immunity defense by failing to timely assert it in its answer. *Id*. at 99-100. In *Turner*, Central waited until after the trial date was scheduled, which was almost three years after the complaint was filed, to amend its answer to assert the affirmative defense of political subdivision immunity. The Ohio Supreme Court ruled that the trial court abuse its discretion in granting Central leave to amend its answer. *Id*. This holding demonstrates that the waiver provisions of the Civil Rules apply to political subdivisions, political immunity can be waived if not timely asserted, and political subdivisions are not always "king." *Hubbell*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, at ¶ 41, Pfeifer, J., dissenting.

{¶20} In this case, denying a motion for leave to amend an answer to assert the affirmative defense does not "deny" the "benefit" of an "alleged immunity." The denial of leave made no determination about immunity. Although the Supreme Court in *ECOT I* determined that ECOT is a political subdivision for purposes of posting a supersedeas bond, no determination was made whether the classification extends to the merits of the case or whether ECOT will be immune from liability. Therefore, there was no "denial" of the "benefit" of an "alleged immunity" by failing to grant ECOT leave to file an amended answer; *Hubbell* does not apply.

IV. Denial of Summary Judgment on the Basis of Immunity

{¶21} Insofar as ECOT raises three assignments of error in both appeals contending that the trial court erred in denying its motion for partial summary judgment because it is immune from those causes of action, we find that this court lacks jurisdiction to consider these assignments of error at this time.

{¶22} First, ECOT's notice of appeal in App. No. 95022 only specifies that it is appealing the trial court's April 19, 2010 denial of ECOT's motion for leave to amend its answer. Attached to the notice of appeal was the sole journal entry denying ECOT leave. Although ECOT has artfully crafted an argument in its appellate brief that the language in the notice of appeal "and all other adverse and appealable rulings in this matter" includes the trial court's denial of ECOT's motion for partial summary judgment, we find that ECOT had a duty to file an amended notice of appeal pursuant to App.R. 3 and include the additional journal entry denying partial summary judgment, if it was ECOT's intention to challenge this ruling and attempt to create a final, appealable order. Because ECOT did not file an amended notice of appeal, the denial of partial summary judgment is not included in App. No. 95022.

{¶23} Moreover, we find that immunity was not properly raised in the motion for partial summary judgment and thus was not a basis for the trial court's denial of summary judgment, which would fall under the *Hubbell* final, appealable order exception.

{¶24} Under Civ.R. 8(C), a defendant is required to affirmatively set forth matters that will effectively preclude a finding of liability on the part of the defendant. Failure to raise such defenses in a responsive pleading or motion will constitute a waiver of those

defenses. Statutory immunity is an affirmative defense, and if it is not raised in a timely fashion, it is waived. *State ex rel. Koren v. Grogan*, 68 Ohio St.3d 590, 594, 629 N.E.2d 446 (1994), Civ.R. 8(C); Civ.R. 12(H). Further, even if immunity is asserted as an affirmative defense in a defendant's answer, it still must be asserted in the motion for summary judgment. *Leibson v. Ohio Dept. of Mental Retardation & Developmental Disabilities*, 84 Ohio App.3d 751, 761, 618 N.E.2d 232 (8th Dist.1992). However, a summary judgment motion is not the proper format in which to raise an affirmative defense for the first time in a case. *Mossa v. W. Credit Union, Inc.*, 84 Ohio App.3d 177, 181, 616 N.E.2d 571 (10th Dist.1992). Affirmative defenses cannot be asserted for the first time in a motion for summary judgment. *Carmen v. Link* (1997), 119 Ohio App.3d 244, 695 N.E.2d 28.

{¶25} As previously discussed, a denial of summary judgment when immunity is asserted and claimed is a final, appealable order under *Hubbell*. However, that is not the case before this court. ECOT's motion for summary judgment asserted for the first time the affirmative defense of immunity. Supportive Solutions argued that ECOT waived the immunity defense by failing to raise it in its second amended answer. To cure this defect, ECOT moved for leave to file an amended answer to assert the defense, which was denied. Because leave was denied, immunity was not properly asserted; thus, immunity could not be and was not the basis for the trial court's denial of ECOT's motion for partial summary judgment. Therefore, the denial of ECOT's motion for partial summary judgment falls under the general rule that a denial of summary judgment is not a final, appealable order.

{¶26} In *Dawson v. Cleveland*, 8th Dist. No. 94510, 2010-Ohio-5142, this court considered a similar case.  In *Dawson*, the City raised the immunity defense in its answer, but failed to assert the defense in its motion for summary judgment; rather, the City asserted the defense for the first time in its reply brief in support of its motion for summary judgment.  The trial court struck the City's reply brief and then denied the City's motion for summary judgment.  The City immediately filed an appeal under the guise of *Hubbell*. This court held that because the trial court struck the reply brief, which raised the immunity defense, "the immunity argument was neither before, nor decided by, the trial court." *Id.* at ¶11.  Therefore, the denial of the City's motion for summary judgment did not deny the City the benefit of an alleged immunity.  *Id.*  Therefore, R.C. 2744.02 did not apply, but rather R.C. 2505.02 applied and an order denying summary judgment is not a final, appealable order.  *Id.* at ¶ 12, citing *State ex rel. Overmeyer v. Walinski*, 8 Ohio St.2d 23, 222 N.E.2d 312 (1966).

{¶27} Much like the case before us, the trial court's decision denying ECOT leave to amend its answer rendered the immunity argument raised in its motion for summary judgment to have no legal effect.  Therefore, the immunity argument was neither before the trial court, decided by the trial court, nor the basis for summary judgment denial; as such, the order denying partial summary judgment became an interlocutory order.  As previously concluded, the *ECOT I* holding and order divested this court of jurisdiction to consider the interlocutory orders on appeal. Accordingly, we lack jurisdiction to consider ECOT's second, third, and fourth assignments of error raised in App. No. 95287.

## IV. Conclusion

**{¶28}** The decision in *ECOT I* vacated portions of the final judgment, which was the basis for the final, appealable order filed with this court. Accordingly, because we now lack a final, appealable order, this court lacks jurisdiction to consider the issues raised on appeal. Moreover, we hold that the denial of leave to file an amended answer to assert the affirmative defense of political subdivision immunity does not fall under the broad holding of *Hubbell*, and thus, is not in and of itself a final, appealable order.

**{¶29}** Dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR