[Cite as *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410.]

SUPPORTIVE SOLUTIONS, L.L.C., APPELLEE, *v.* ELECTRONIC CLASSROOM OF TOMORROW, APPELLANT, ET AL.

[Cite as *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*,

**137 Ohio St.3d 23, 2013-Ohio-2410.**]

*Judgments—Final, appealable orders—Political-subdivision immunity—Motion*
*for leave to file amended answer to assert affirmative defense of political-*
*subdivision immunity—Denial of motion is final, appealable order—*
*Refusal to permit amendment to assert defense denies political subdivision*
*benefit of alleged immunity—R.C. 2744.02(C).*

(No. 2012-0790—Submitted March 13, 2013—Decided June 12, 2013.)

APPEAL from the Court of Appeals for Cuyahoga County, Nos. 95022 and 95287,

2012-Ohio-1185.

_____

FRENCH, J.

**{¶ 1}** In this appeal, we consider whether a trial court's decision denying a defendant leave to assert the defense of political-subdivision immunity via an amended answer is a final, appealable order. We hold that it is because the denial of a political subdivision's motion for leave to file an amended answer to assert the affirmative defense of political-subdivision immunity denies that political subdivision the benefit of the alleged immunity pursuant to R.C. 2744.02(C).

*Facts and Procedural History*

**{¶ 2}** We gave a detailed history of this case in *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149 ("*ECOT I*"). Here, we reiterate only those facts necessary to our discussion of the issue now on appeal.

**{¶ 3}** Appellant, Electronic Classroom of Tomorrow ("ECOT"), is an internet-based community school, established pursuant to R.C. Chapter 3314, and a "political subdivision" for purposes of the governmental-immunity provisions of R.C. Chapter 2744. *ECOT I* at ¶ 2, 26-27; R.C. 2744.01(F). ECOT and appellee, Supportive Solutions Training Academy, L.L.C. ("Supportive Solutions"), entered into a series of contracts for Supportive Solutions to supply supplemental educational services to eligible ECOT students during the 2007-2008 school year.

**{¶ 4}** In March 2008, Supportive Solutions sued ECOT in the Cuyahoga County Court of Common Pleas. Supportive Solutions' amended complaint asserted claims for breach of implied contract, misrepresentation, negligent misrepresentation, promissory estoppel, unjust enrichment, fraud and fraud in the inducement, respondeat superior, and defamation. ECOT filed an answer to Supportive Solutions' amended complaint, as well as counterclaims for breach of contract, misrepresentation, negligent misrepresentation, and fraud. ECOT did not raise the affirmative defense of political-subdivision immunity in its answer. Supportive Solutions subsequently filed a second amended complaint, adding Lucas County Educational Service Center as a defendant and adding a claim for tortious interference with business relations.[1] ECOT filed an answer to the second amended complaint, incorporating its earlier answer and counterclaims and denying all additional allegations, but, again, not raising political-subdivision immunity as an affirmative defense.

**{¶ 5}** In January 2010, ECOT filed a motion for partial summary judgment, arguing, in part, that it was entitled to political-subdivision immunity, pursuant to R.C. Chapter 2744, on many of Supportive Solutions' claims. ECOT also raised the issue of immunity in opposition to Supportive Solutions' motion for summary judgment. Supportive Solutions responded that ECOT waived any immunity defense by not raising it in its answer. ECOT then filed a motion for

_____

1. The trial court dismissed Lucas County Educational Service Center on immunity grounds.

leave to file an amended answer raising political-subdivision immunity as an affirmative defense. The trial court summarily denied ECOT's motion for leave to amend its answer. The court granted summary judgment to ECOT on Supportive Solutions' claims of fraud and intentional misrepresentation, but denied ECOT summary judgment on the remaining claims.

{¶ 6} ECOT immediately appealed the trial court's denial of leave to file an amended answer. Meanwhile, despite ECOT's pending appeal, the trial court conducted a jury trial on Supportive Solutions' remaining claims, and the jury returned a verdict in favor of Supportive Solutions on claims of breach of express and implied contract and negligent misrepresentation. The trial court entered judgment against ECOT on the jury verdict in the amount of $1,206,400, awarded prejudgment interest, and denied ECOT's motion for judgment notwithstanding the verdict or for a new trial. ECOT thereafter filed a second appeal—from the judgment on the jury verdict and the trial court's denial of its posttrial motions. The Eighth District Court of Appeals dismissed ECOT's first appeal on July 30, 2010, for lack of a final, appealable order, but it subsequently reinstated that appeal and consolidated it with ECOT's second appeal.

{¶ 7} While its appeals were pending, ECOT filed an original action in this court for a writ of prohibition to prevent the trial court from enforcing its judgment and for a writ of mandamus requiring the trial court to vacate the allegedly invalid portion of its judgment and to stay execution of any surviving portion of the judgment without bond. We held that, whether or not the denial of ECOT's motion for leave to file an amended answer was a final, appealable order, ECOT's first appeal divested the trial court of jurisdiction to proceed with a trial of any claim that might be subject to that defense. *ECOT I*, 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149, at ¶ 16. Accordingly, we issued a writ of prohibition, which precluded the trial court from enforcing those portions of its judgment that were subject to ECOT's appeal from the denial of its motion for

leave to amend its answer, and a writ of mandamus, which ordered the trial court to vacate those portions of the judgment. *Id.* at ¶ 31. We also determined that ECOT was entitled to a writ of mandamus compelling the trial court to stay the surviving portion of its judgment without a bond. *Id.* at ¶ 30-31.

{¶ 8} Following our decision in *ECOT I*, the court of appeals dismissed ECOT's consolidated appeals. *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow,* 8th Dist. Nos. 95022 and 95287, 2012-Ohio-1185. It held that it lacked jurisdiction over ECOT's appeal from the judgments entered as a result of trial because this court had ordered the trial court to vacate those judgments. The court of appeals also addressed whether the denial of ECOT's motion for leave to file an amended answer was a final, appealable order. The court of appeals concluded that it was not, and the court dismissed ECOT's appeal from that order for lack of jurisdiction.

{¶ 9} This court accepted ECOT's discretionary appeal to consider the following proposition of law: "Any order that denies the benefit of an alleged immunity to a political subdivision is immediately appealable pursuant to R.C. §2744.02(C), including the denial of a motion to amend the answer to include the defense." 132 Ohio St.3d 1481, 2012-Ohio-3334, 971 N.E.2d 960.

*Analysis*

{¶ 10} An appellate court can review only final orders, and without a final order, an appellate court has no jurisdiction. *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 9, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). Generally, an order denying leave to amend a pleading is not a final, appealable order. *See Trotwood v. S. Cent. Constr., L.L.C.*, 192 Ohio App.3d 69, 2011-Ohio-237, 947 N.E.2d 1291, ¶ 54 (2d Dist.); *Worthington v. Wells Fargo Bank Minnesota, N.A.*, 5th Dist. No. 10 CA 40, 2010-Ohio-4541, ¶ 30-32.

4

{¶ 11} R.C. Chapter 2744, the Political Subdivision Tort Liability Act, sets forth a comprehensive statutory scheme for the tort liability of political subdivisions and their employees. It establishes a three-step analysis for determining whether a political subdivision is immune from liability, starting with a broad rule that a political subdivision is generally not liable in damages. *Greene Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 556-557, 733 N.E.2d 1141 (2000); R.C. 2744.02(A)(1). The purpose of R.C. Chapter 2744 is to preserve political subdivisions' fiscal integrity. *Wilson v. Stark Cty. Dept. of Human Servs.*, 70 Ohio St.3d 450, 453, 639 N.E.2d 105 (1994). Consistent with that purpose, early resolution of the immunity issue may save the parties the time, effort, and expense of a trial and appeal. *Hubbell* at ¶ 25, quoting *Burger v. Cleveland Hts.*, 87 Ohio St.3d 188, 199, 718 N.E.2d 912 (1999) (Lundberg Stratton, J., dissenting). Accordingly, R.C. 2744.02(C) provides, "An order that denies a political subdivision * * * the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." R.C. 2744.02(C) permits a political subdivision to appeal an order that denies it the benefit of an alleged immunity under R.C. Chapter 2744, even when the order makes no determination that there is no just cause for delay pursuant to Civ.R. 54(B). *Sullivan v. Anderson Twp.*, 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88, syllabus.

{¶ 12} This court addressed the scope of R.C. 2744.02(C) in *Hubbell*, a homeowner's suit against the city of Xenia, arising out of a sewage backup. The court of appeals dismissed the city's appeal from the denial of its motion for summary judgment for lack of a final, appealable order, where the trial court found that questions of fact remained as to the city's entitlement to political-subdivision immunity. It reasoned that an order denies the benefit of an alleged immunity only when it fully resolves the immunity issue. This court disagreed

with that reasoning and reversed. *Hubbell*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878.

{¶ 13} In accordance with established principles of statutory interpretation, we began our analysis in *Hubbell* by turning to the plain language of the statute to determine legislative intent. We stated that the General Assembly's use of the words "benefit" of an "alleged" immunity in R.C. 2744.02(C) illustrates that the statute is not limited to orders that finally resolve the immunity question: "the plain language of R.C. 2744.02(C) does not require a final denial of immunity before the political subdivision has the right to an interlocutory appeal." *Id.* at ¶ 12. Thus, even though it did not preclude the city from proving its entitlement to immunity later, we held that the trial court's denial of summary judgment denied the city "the benefit of an alleged immunity" and was, therefore, a final order under R.C. 2744.02(C). *Id.* at ¶ 27. "When a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and is therefore a final, appealable order pursuant to R.C. 2744.02(C)." *Id.* at syllabus. Like the statute itself, *Hubbell* focuses on the effect of the trial court's order on a party's ability to claim immunity.

{¶ 14} Ohio courts of appeals, including the Eighth District, have applied the reasoning of *Hubbell* to hold that denials of motions for judgment on the pleadings and motions to dismiss based on political-subdivision immunity are final orders. *See, e.g., DiGiorgio v. Cleveland*, 196 Ohio App.3d 575, 2011-Ohio-5824, 964 N.E.2d 495 (8th Dist.).

{¶ 15} Here, the court of appeals acknowledged *Hubbell*, but held that *Hubbell*'s "broad interpretation" of R.C. 2744.02(C) does not encompass motions for leave to file an amended answer raising political-subdivision immunity. 2012-Ohio-1185, at ¶ 15. The court distinguished "dispositional-type motions, i.e., Civ.R. 12(B)(6) motions to dismiss, Civ.R. 12(C) motions for judgment on the

pleadings, and Civ.R. 56 motions for summary judgment," from other motions and reasoned that *Hubbell* was not intended to be read so broadly as to "open the door for political subdivisions to challenge all adverse rulings potentially affecting [an] immunity defense with an immediate appeal." *Id.* at ¶ 16.

{¶ 16} The court of appeals held that the order denying ECOT leave to amend its answer did not deny the benefit of an alleged immunity, because it "made no determination about immunity." *Id.* at ¶ 20. That reasoning directly conflicts with our statement in *Hubbell* that R.C. 2744.02(C) is not limited to orders that determine the merits of a claimed immunity defense and our holding that a denial of summary judgment on immunity grounds is final under R.C. 2744.02(C), even though it does not determine entitlement to immunity. Justice Pfeifer, dissenting in *Hubbell*, expressed concern regarding that component of the majority opinion: "The key word in R.C. 2744.02(C) is 'denies.' Certainly, [the city] cannot claim that its assertion of immunity has been denied, that it has been foreclosed from further asserting and proving its alleged immunity at the trial level." *Id.* at ¶ 37 (Pfeifer, J., dissenting). According to the *Hubbell* majority, however, an order may deny the benefit of an alleged immunity under R.C. 2744.02(C) even if it does not foreclose the political subdivision from asserting and proving immunity.

{¶ 17} Unlike in *Hubbell*, the trial court's denial of leave for ECOT to amend its complaint determines ECOT's entitlement to immunity and precludes a finding of immunity in this case. Statutory immunity, including political-subdivision immunity, is an affirmative defense, and it is waived if not raised in a timely fashion. *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 98, 706 N.E.2d 1261 (1999). In *Turner*, at 98, we stated that "as a matter of course, a properly pleaded answer should * * * include[] the statutory-immunity defense * * * because, in most cases, the [Political Subdivision Tort Liability] Act could provide a complete defense." We noted that the possibility of waiver makes it

"extremely important and prudent" to plead all defenses as early as possible. *Id.* at 99. ECOT agrees that absent leave to amend its answer, it will be deemed to have waived its immunity defense. Thus, the trial court's ruling forecloses ECOT from enjoying the benefit of the alleged immunity.

{¶ 18} The court of appeals justified its interpretation of *Hubbell* by referring to the waiver rule discussed in *Turner:* "We find that no caveat or niche has yet been carved out giving a political subdivision an exception to the waiver provision of the Civil Rules." 2012-Ohio-1185, ¶ 18. In *Turner*, we held that the trial court abused its discretion by granting the political-subdivision defendant leave to amend its answer and assert a statutory-immunity defense. Therefore, we held, the defendant waived that defense. We based our holding, however, on the merits of the motion for leave. There, the defendant moved for leave to amend its answer on remand, after the reversal of summary judgment in its favor on another ground, almost three years after the commencement of the action, and without explanation for its failure to assert the affirmative defense sooner. We noted that the defendant's delay forced the plaintiffs to expend time and money to oppose the defendant's first motion for summary judgment in the trial court and on appeal, including a request for discretionary jurisdiction in this court. *Id.* at 99.

{¶ 19} There is no dispute that the waiver rule applies to a political subdivision, just as it applies to other defendants, or that a political subdivision waives its statutory-immunity defense, just like other affirmative defenses, if it does not timely assert it. *See Turner* at 97-98. Nothing in *Turner*, however, suggests that the doctrine of waiver precludes a trial court, in other circumstances, from granting leave to amend pursuant to Civ.R. 15(A). Indeed, we stated in *Turner* that the defendant "should have attempted to amend its answer to include the immunity defense prior to its initial motion for summary judgment." *Id.* at 99. An affirmative defense is not deemed waived when the defendant raises the defense "by motion before pleading pursuant to Civ.R. 12(B), affirmatively in a

responsive pleading under Civ.R. 8(C), *or by amendment under Civ.R. 15*." (Emphasis added.) *State ex rel. Plain Dealer Publishing Co. v. Cleveland*, 75 Ohio St.3d 31, 33, 661 N.E.2d 187 (1996). Were a defendant not entitled to avoid waiver by raising an affirmative defense in an amendment to the pleadings, there would have been no need in *Turner* to review the order allowing the amendment for an abuse of discretion.

{¶ 20} The court of appeals' discussion of waiver relates not to the question of R.C. 2744.02(C)'s applicability but to the merits of ECOT's motion for leave to amend its answer. Whether the trial court abused its discretion in denying ECOT's motion for leave to file an amended answer is a distinct question from whether the trial court's order denying that motion is immediately appealable. The right to appeal under R.C. 2744.02(C) hinges on the effect of the trial court's order, and rightly or wrongly decided, the trial court's denial of leave had the effect of depriving ECOT of its alleged immunity defense.

{¶ 21} In support of its holding, the court of appeals expressed concern that expanding *Hubbell* could lead to abuse by political subdivisions delaying the assertion of a timely immunity defense. 2012-Ohio-1185, ¶ 16-17. We have explicitly rejected the use of judicial policy preferences to override valid legislation, however. *Hubbell,* 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, at ¶ 22. Thus, neither our notions of public policy nor those of the appellate court establish a basis for a refusal to apply R.C. 2744.02(C) as written.

{¶ 22} Although the issue is beyond the scope of its proposition of law, which concerns only the finality of the trial court's denial of leave to amend its answer, ECOT urges this court to further hold that the trial court abused its discretion by denying its motion for leave and that ECOT is entitled to immunity as a matter of law. The court of appeals has not considered whether the denial of ECOT's motion for leave to amend its answer amounts to an abuse of discretion, and neither the court of appeals nor the trial court has considered whether ECOT

would be entitled to summary judgment on the ground of statutory immunity had it been permitted to raise that defense in an amended answer. We decline to decide those issues before the lower courts have the opportunity to address them in the first instance.

*Conclusion*

**{¶ 23}** The trial court's denial of ECOT's motion for leave to file an amended answer to raise the affirmative defense of political-subdivision immunity precluded ECOT from enjoying the benefits of the alleged immunity. The court of appeals therefore possessed jurisdiction to determine ECOT's appeal of that order pursuant to R.C. 2744.02(C). Accordingly, we reverse the dismissal of ECOT's appeal from the denial of its motion for leave to file an amended answer, and we remand this matter to the court of appeals for resolution of ECOT's appeal.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, and O'NEILL, JJ., concur.

PFEIFER and LANZINGER, JJ., dissent.

————————————

**LANZINGER, J., dissenting.**

**{¶ 24}** I respectfully dissent and would affirm the judgment of the Eighth District Court of Appeals. Interpreting R.C. 2744.02(C) to allow an immediate appeal of a trial court's order denying a motion for leave to file an amended answer is, I believe, an unwarranted extension of *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878.

**{¶ 25}** The *Hubbell* majority accepted the idea that an order denying the city of Xenia summary judgment on grounds of immunity was an appealable order, despite the fact that the order did not completely resolve the immunity question between the parties. The *Hubbell* majority held that "[w]hen a trial court

denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity" and is therefore appealable under R.C. 2744.02(C). *Id.* at syllabus. In my view, to be a final, appealable order under this statute, the order must be a final disposition of the immunity defense. I believe *Hubbell* to have been wrongly decided, and at the very least, it should be confined to its facts.

{¶ 26} In a well-reasoned opinion, this court unanimously held that the denial of a Civ.R. 12(B)(6) motion to dismiss is not a final, appealable order. *State Auto. Mut. Ins. Co. v. Titanium Metals Corp.*, 108 Ohio St.3d 540, 2006-Ohio-1713, 844 N.E.2d 1199. So too here we should recognize that the court did not finally determine the issue of immunity adversely to a party, giving rise to an appealable order under R.C. 2744.02(C). In this case, the trial court simply did not grant leave to Electronic Classroom of Tomorrow ("ECOT") to file an amended answer. There was no "denial" on the merits of an immunity defense. Therefore, R.C. 2744.02(C) does not apply.

{¶ 27} As the court of appeals recognized, political subdivisions are subject to the same civil rules as are other litigants. Civ.R. 8(C) requires that in a responsive pleading, a party "set forth affirmatively * * * any other matter constituting an avoidance or affirmative defense," which includes the defense of political-subdivision immunity. Here, the case commenced in March 2008, and ECOT filed answers to the amended complaint and the second amended complaint without asserting the affirmative defense of political subdivision immunity. A codefendant raised the immunity defense in a motion to dismiss in January 2009. *See State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149, ¶ 5. But not until a year later did ECOT attempt to raise the immunity issue in a motion for partial summary judgment. It was not until Supportive Solutions

11

argued that ECOT had waived the immunity defense that ECOT attempted to obtain leave to file an amended answer.

{¶ 28} Civ.R. 15(A) allows for amendment of pleadings by leave of court and provides that "[l]eave of court shall be freely given when justice so requires." I would hold that ECOT waived its right to raise the immunity defense in this case, just as we held in a case in which the motion to amend the answer came after reversal of summary judgment on appeal, almost three years after the case was filed and four months before the trial. *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 98-99, 706 N.E.2d 1261 (1999).

{¶ 29} A trial court's decision to grant or deny a party leave to amend a pleading is reviewed on the standard of abuse of discretion. *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 122, 573 N.E.2d 622 (1991). An abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 30} If the majority is correct that denial of leave to file an amended answer under these circumstances is immediately appealable, then the only issue is whether the trial court acted unconscionably in denying leave. Furthermore, if ECOT was deprived of its defense, it was because of its own inactivity, not a denial by the court.

{¶ 31} The majority states that R.C. 2744.02(C) focuses on the effect of the trial court's order on a party's ability to claim immunity. If that is accurate, then potentially *any* adverse intermediate order is subject to interlocutory appeal in a case in which immunity may be claimed. This matter has been in litigation for over five years and now is to be remanded to the court of appeals for a

12

piecemeal review that will cause further delay and expense to both parties. Certainly this cannot be what the General Assembly intended.

PFEIFER, J., concurs in the foregoing opinion.

_____

Demer & Marniella, L.L.C., John A. Demer, and James A. Marniella; and Paul W. Flowers Co., L.P.A., and Paul W. Flowers, for appellant.

Davis & Young and Kurt D. Anderson, urging reversal for amicus curiae, Ohio Association of Civil Trial Attorneys.

_____