[Cite as *Supportive Solutions Training Academy L.L.C. v. Electronic Classroom of Tomorrow*, 2013-Ohio-3910.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 95022 and 95287

---

# SUPPORTIVE SOLUTIONS TRAINING ACADEMY L.L.C.

### PLAINTIFF-APPELLEE

vs.

# ELECTRONIC CLASSROOM OF TOMORROW

### DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-652873

**BEFORE:** Keough, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 12, 2013

**ATTORNEYS FOR APPELLANT**

Paul W. Flowers
Paul W. Flowers Co., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio   44113

John A. Demer
James A. Marniella
Demer & Marniella, L.L.C.
2 Berea Commons, Suite 200
Berea, Ohio   44017

Deena M. Giordano
3700 High Street
Columbus, Ohio   43207


**ATTORNEYS FOR APPELLEE**

Maureen Connors
6625 Pearl Road
Parma Hts., Ohio 44130

Ann S. Vaughn
6140 West Creek Road, Suite 204
Independence, Ohio 44131

KATHLEEN ANN KEOUGH, J.:

{¶1} This cause is before this court on remand from the Supreme Court of Ohio. In *Supportive Solutions Training Academy v. Electronic Classroom of Tomorrow*, 8th Dist. Cuyahoga Nos. 95022 and 95287, 2012-Ohio-1185 ("*ECOT II*"), this court considered a consolidated appeal, by defendant-appellant, Electronic Classroom of Tomorrow ("ECOT"), that appealed various rulings by the trial court and the jury's award of monetary damages in favor of plaintiff-appellee, Supportive Solutions Training Academy, L.L.C. ("Supportive Solutions"). Included in those rulings was the trial court's decision denying ECOT leave to file its amended answer to assert the affirmative defense of political-subdivision immunity.

{¶2} In *ECOT II*, we determined that denial of leave to file an amended answer to assert immunity was not a final appealable order and thus dismissed the assignment of error. We also concluded in that opinion that we lacked jurisdiction to consider the other assignments of error raised in light of the Supreme Court's ruling in *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149 ("*ECOT I*"), which reverted the case to a procedural point prior to trial and therefore all other orders that ECOT appealed from were interlocutory. *See ECOT II* at ¶ 5-7.

{¶3} ECOT appealed our decision to the Ohio Supreme Court, and the court accepted the discretionary appeal to consider the following proposition of law: "Any

order that denies the benefit of an alleged immunity to a political subdivision is immediately appealable pursuant to R.C. 2744.02(C), including the denial of a motion to amend the answer to include the defense." *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, Slip Opinion No. 2013-Ohio-2410, ¶ 9 ("*ECOT III*").

{¶4} In reversing our decision, the Supreme Court reasoned that "the trial court's denial of ECOT's motion for leave to file an amended answer to raise the affirmative defense of political-subdivision immunity precluded ECOT from enjoying the benefits of the alleged immunity." *ECOT III* at ¶ 23. Accordingly, the court held that the trial court's denial of leave was a final appealable order under R.C. 2977.04(C) and this court had jurisdiction to consider ECOT's appeal of that judgment. *Id.* The case was remanded to this court to consider the merits of ECOT's appeals.

I. Facts and Procedural History

{¶5} A detailed case history was set forth by the Ohio Supreme Court in *ECOT I*. Accordingly, we discuss only the relevant facts pertaining to the resolution of this appeal.

{¶6} In March 2008, Supportive Solutions filed a suit for damages against ECOT and others based on a series of service contracts between the parties. ECOT and the other defendants filed an answer in which they did not raise the affirmative defense of political-subdivision immunity. In December 2008, Supportive Solutions filed an amended complaint to raise an additional cause of action against a new defendant, Lucas County Educational Service Center ("Service Center"). In ECOT's answer to the

amended complaint, it again did not raise political-subdivision immunity as an affirmative defense; rather, it reincorporated its original answer.

{¶7} In January 2009, Service Center moved to dismiss Supportive Solutions' claim against it based on, among other things, political-subdivision immunity. Shortly thereafter, Service Center was dismissed from the case. In January 2010, nearly a year later and after discovery was completed, ECOT raised for the first time the defense of political-subdivision immunity in its motion for partial summary judgment. After Supportive Solutions claimed that ECOT had waived this affirmative defense by failing to raise it in the answer, ECOT filed a motion for leave to file an amended answer to assert the immunity defense. This motion was filed in March 2010, approximately eight weeks prior to trial. The trial court summarily denied ECOT's motion.

## II. Motion for Leave to File an Amended Answer

{¶8} ECOT contends in its fourth assignment of error in App. No. 95022, and its first assigned error in App. No. 95287, that the trial court abused its discretion in denying its motion for leave to file an amended answer to assert the affirmative defense of political-subdivision immunity.

{¶9} Civ.R. 8(C) requires that in a responsive pleading, a party must "set forth affirmatively * * * any other matter constituting an avoidance or affirmative defense." Accordingly, the affirmative defense of political-subdivision immunity must be asserted in a responsive pleading. *Spence v. Liberty Twp. Trustees*, 109 Ohio App.3d 357, 360, 672 N.E.2d 213 (4th Dist.1996). Although failure to adhere to this requirement exposes

the party to forfeiture of the defense, "[i]n the real world * * * failure to plead an affirmative defense will rarely result in [forfeiture]" because of the protection of Civ.R. 15(A). *Hoover v. Sumlin*, 12 Ohio St.3d 1, 5, 465 N.E.2d 377 (1984), quoting *Bobbitt v. Victorian House, Inc.*, 532 F.Supp. 734, 736 (N.D.Ill. 1982). Civ.R. 15(A), which allows for amendment of pleadings by leave of court or by written consent of the other party after a responsive pleading has been made, expressly provides that "[l]eave of court shall be freely given when justice so requires."

{¶10} Although the grant or denial of leave to amend a pleading is within the sound discretion of the trial court, this discretion is not unfettered. "A motion for leave to amend should be granted absent a finding of bad faith, undue delay, or undue prejudice to the opposing party." *Hoover* at 6. Accordingly, an appellate court applies an abuse-of-discretion standard of review to a trial court's decision to grant or deny a party leave to amend a pleading. *Wilmington Steel Prods. Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 122, 573 N.E.2d 622 (1991). "This court's role is to determine whether the trial judge's decision was an abuse of discretion, not whether it was the same decision we might have made." *Id.* An abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶11} This court has previously acknowledged that the abuse-of-discretion standard is a very high standard and "'evidences not the exercise of will but perversity of

will, not the exercise of judgment but defiance thereof * * *.'" *Aponte v. Aponte*, 8th Dist. Cuyahoga Nos. 77394 and 78090, 2001 Ohio App. LEXIS 529, *4 (Feb. 15, 2001), quoting *State v. Jenkins*, 15 Ohio St.3d 164, 222, 473 N.E.2d 264 (1984).

{¶12} In this case, the trial court summarily denied ECOT's motion for leave to amend its answer. ECOT contends that because the trial court gave no justification for denying its motion for leave to amend, this is in and of itself an abuse of discretion. ECOT cites to *Hoover* for support, wherein the Supreme Court stated that "where the [affirmative] defense is tendered timely and in good faith, and no reason is apparent or disclosed for denying leave, the denial of leave to file such an amended pleading * * * is an abuse of discretion." *Hoover*, 12 Ohio St.3d at 5, citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 175, 297 N.E.2d 113 (1973). However, the court's threshold inquiry is whether the defense is "tendered timely and in good faith." Our reading of *Hoover* is that only after the movant satisfies this inquiry must a court justify its reason for denying the motion for leave, given that "leave shall be freely given."

{¶13} In this case, the record reveals that ECOT failed to demonstrate, at the very least, that its motion was timely. Although ECOT attempted to explain in its motion for leave to amend why the immunity defense could not be raised in a motion to dismiss, ECOT provided no explanation why the immunity defense could not be or was not asserted in its answer. Rather, ECOT contended that its purpose in obtaining leave to amend was to "clarify beyond dispute * * * that political subdivision immunity has been raised as an affirmative defense." But a review of ECOT's responsive pleadings shows

that immunity was not raised as an affirmative defense pursuant to Civ.R. 8(C). Therefore, ECOT's purpose was not for clarification, but for remediation.

{¶14} In *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 1999-Ohio-207, 706 N.E.2d 1261, the Ohio Supreme Court concluded that a political subdivision waived its right to assert the statutory immunity defense by failing to timely assert it in its answer; thus, the trial court abused its discretion in granting the school district leave to amend its answer. *Id*. at 99-100. In *Turner*, the school district did not move to amend its answer to assert the affirmative defense of political-subdivision immunity until after the trial date was scheduled, which was almost three years after the complaint was filed. *Id*. The *Turner* court characterized the immunity defense as an "obvious defense," "which most likely would have terminated the litigation in the first instance, or at the very least, would have narrowed the issues remaining for resolution." *Id*. The court was also "troubled by the fact that [the school district's] motion did not give a rationale for its failure to properly assert this affirmative defense in its answer to its original complaint or for its failure to do so in the ensuing two years and ten months." *Id*. This absence of an explanation by the school district contributed to the court's conclusion that the trial court had abused its discretion in allowing the school district to amend its answer. *Id.*

{¶15} Much like the political subdivision in *Turner*, ECOT provided no justification for the delay in asserting the "obvious" political-subdivision immunity defense. Therefore, because ECOT failed to establish the threshold inquiry of timeliness and provided no explanation for its delay in asserting the affirmative defense, the trial

court's decision summarily denying ECOT's motion was not in and of itself an abuse of discretion.

**{¶16}** By the time that ECOT realized that either by inadvertence, mistake, or neglect that it had not asserted the affirmative defense of immunity, trial was eight weeks away, discovery was complete, and the dispositive motion deadline had passed. Therefore, the record demonstrates that ECOT's motion for leave to file its amended answer was untimely. Allowing ECOT leave to amend its answer to assert an immunity defense at this stage in litigation would have caused additional delay, especially when the timely assertion of the defense would have possibly resolved a majority of Supportive Solution's claims from the outset without expending considerable time and resources. *See, e.g., Turner* at 99; *ECOT II*, 8th Dist. Cuyahoga Nos. 95022 and 95287, 2012-Ohio-1185 at ¶ 17 ("A political subdivision should timely assert its immunity defense so that the other litigant does not devote its time and resources in litigating a lawsuit that could be barred by immunity"); *see also Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 26, quoting *Burger v. Cleveland Hts.*, 87 Ohio St.3d 188, 199-200, 1999-Ohio-319, 718 N.E.2d 912 (Lundberg Stratton, J., dissenting) ("'As the General Assembly envisioned, the determination of immunity could be made prior to investing the time, effort, and expense of the courts, attorneys, parties, and witnesses * * *'").

**{¶17}** Finally, we note that ECOT knew that Service Center had asserted the immunity defense and been dismissed from the lawsuit in 2009 because it was immune.

Clearly this should have apprised ECOT of the available defense, considering that ECOT claimed in its counterclaim that it was "a charter school funded by the state of Ohio."

**{¶18}** In light of the foregoing discussion, we cannot say that the trial court abused its discretion in denying ECOT leave to amend its answer to assert the political-subdivision immunity defense. ECOT's fourth assignment of error in App. No. 95022 and its first assigned error in App. No. 95287 are overruled.

### III. Other Assignments of Error

**{¶19}** The other assignments of error raised by ECOT were dismissed by this court in *ECOT II* for lack of jurisdiction.[1] The issues raised in those assignments of error

---

[1] The remaining assignments of error are:

Appeal No. 95022
I. The trial judge erred, as a matter of law, in failing to grant summary judgment upon [Supportive Solutions'] claims of implied contract [because the merits of the case warranted summary judgment or breach of implied contracts do not apply to political subdivisions].

II. Summary judgment was improperly denied, as a matter of law, upon [Supportive Solutions'] unsubstantiated claim of defamation [because the merits of the case warranted summary judgment or the claim of defamation is barred by political subdivision immunity].

III. Summary judgment was warranted, as a matter of law, on the claims of negligent misrepresentation [because the merits of the case warranted summary judgment or political subdivisions are immune from claims of negligent misrepresentation].

Appeal No. 95287
II. The trial judge erred, as a matter of law, in failing to grant summary judgment upon [Supportive Solutions'] claims of implied contract [because the merits of the case warranted summary judgment or breach of implied contracts do not apply to political subdivisions].

were not accepted on appeal or addressed by the Ohio Supreme Court in *ECOT III*. Our decision today finding that the trial court did not abuse its discretion in denying ECOT leave to file its amended answer does not affect our prior decision in *ECOT II*. For the reasons previously stated in *ECOT II*, ECOT's other assignments of error remain dismissed for lack of jurisdiction.

{¶20} Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

III. Summary judgment was improperly denied, as a matter of law, upon [Supportive Solutions'] claim of defamation [because the merits of the case warranted summary judgment or the claim of defamation is barred by political subdivision immunity].

IV. Summary judgment was warranted, as a matter of law, on the claims of negligent misrepresentation [because the merits of the case warranted summary judgment or political subdivisions are immune from claims of negligent misrepresentation].

V. [ECOT] was entitled to either a directed verdict or a new trial upon the claim of breach of express contract.

VI. The trial judge abused his discretion by granting pre-judgment interest in favor of [Supportive Solutions] under R.C. 1343.03.

KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR