**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Stewart v. Solutions Community Counseling & Recovery Ctrs., Inc.*, **Slip Opinion No. 2022-Ohio-2522.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-2522

STEWART, APPELLEE, *v*. SOLUTIONS COMMUNITY COUNSELING AND RECOVERY CENTERS, INC., ET AL., APPELLANTS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Stewart v. Solutions Community Counseling & Recovery Ctrs., Inc.*, Slip Opinion No. 2022-Ohio-2522.]**

*Trial court's denial of motion to dismiss was not a final, appealable order— Because there was not a final, appealable order, court of appeals lacked jurisdiction to issue its judgment—Court of appeals' judgment vacated, and cause remanded to trial court.*

(No. 2021-1163—Submitted June 14, 2022—Decided July 26, 2022.)

APPEAL from the Court of Appeals for Warren County, No. CA2021-01-008, 2021-Ohio-2635.

_____

{¶ 1} Appellants, Solutions Community Counseling and Recovery Centers, Inc., and Jenny Epling, appeal the Twelfth District Court of Appeals' judgment affirming the denial by the Warren County Court of Common Pleas of appellants'

motion to dismiss.  For the reasons that follow, we vacate the judgment of the court of appeals and remand the case to the trial court.

{¶ 2} In a December 30, 2020 decision, the trial court overruled appellants' motion to dismiss, concluding that immunity from liability afforded to mental-health providers under R.C. 2305.51 does not apply in this case.  Subsequently, in a January 21, 2021 entry, the trial court deemed its December decision and entry a final, appealable order and stated that there was "no just reason for delay for purposes of Civ.R. 54."  Appellants then appealed to the Twelfth District.  The court of appeals considered appellants' argument that the trial court erred in holding that appellants are not entitled to statutory immunity under R.C. 2305.51.  The court of appeals found appellants' argument to be without merit and affirmed the trial court.

{¶ 3} We accepted appellants' sole proposition of law for review: "Mental health providers are immune from liability under R.C. 2305.51 when a patient commits self-harm."  *See* 165 Ohio St.3d 1477, 2021-Ohio-4289, 177 N.E.3d 992.

{¶ 4} An appellate court has authority to review only final orders, and without a final order, an appellate court has no jurisdiction.  *E.g.*, *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10.  " 'Generally, an order denying a motion to dismiss is not a final order.' "  *State Auto. Mut. Ins. Co. v. Titanium Metals Corp.*, 108 Ohio St.3d 540, 2006-Ohio-1713, 844 N.E.2d 1199, ¶ 8, quoting *Polikoff v. Adam*, 67 Ohio St.3d 100, 103, 616 N.E.2d 213 (1993).  In this case, the trial court's denial of appellants' motion to dismiss was not a final, appealable order, and the trial court's entry including Civ.R. 54(B) language did not make it so.

{¶ 5} Accordingly, because the trial court's entry denying appellants' motion to dismiss was not a final, appealable order, the court of appeals lacked jurisdiction to issue its judgment in this case.  We therefore vacate the judgment of the court of appeals and remand the case to the trial court.

Judgment vacated

and cause remanded.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

———————————

Rittgers & Rittgers, Konrad Kircher, and Ryan J. McGraw, for appellee, Bonita Stewart.

Reminger Co., L.P.A., Robert W. Hojnoski, and Jennifer J. Jandes, for appellants.

Cooper & Elliott, L.L.C., C. Benjamin Cooper, and Chelsea C. Weaver; and Roderick & Solange MacArthur Justice Center, Easha Anand, and Kathrina Szymborski, urging affirmance for amici curiae, Cincinnati Black United Front, the Ohio Justice and Policy Center, and Rights Behind Bars.

Friedman, Gilbert & Gerhardstein and Alphonse A. Gerhardstein, urging affirmance for amicus curiae Cincinnati Black United Front.

———————————