[Cite as *Deshpande v. Manning*, 2023-Ohio-1481.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| AMY DESHPANDE, ET AL., | : | |
| Plaintiffs-Appellants, | : | |
| | | No. 111971 |
| v. | : | |
| ADELBERT MANNING, ET AL., | : | |
| Defendants-Appellees. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** May 4, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-942746

### *Appearances:*

Kenneth R. Hurley, *for appellant*.

McCarthy, Lebit, Crystal & Liffman Co., L.P.A., Charles A. Nemer, and Tracy S. Francis, *for appellee*.

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant Amy Deshpande ("Deshpande") appeals the judgment of the trial court granting summary judgment in favor of appellee Adelbert Manning ("Manning") on his counterclaim against Deshpande for breach of contract. After a

thorough review of the law and facts, we dismiss this appeal for a lack of a final, appealable order.

## I. Factual and Procedural History

{¶ 2} In October 2018, A&L, LLC ("A&L"), whose sole members were Deshpande and Lynn Oryshkewych ("Oryshkewych"), entered into an asset purchase agreement and management agreement (collectively "The 2018 Agreements") with Delmonica, LLC ("Delmonica"), whose sole member was Manning. The agreement was for the purchase of a bar known as "The Paddy Wagon" in Strongsville, Ohio for $60,000.

{¶ 3} In January 2019, Deshpande and Oryshkewych, as individuals entered into a separate agreement (the "January 2019 Agreement") with Manning for the purchase of Manning's entire membership interest in Delmonica for $60,000.

{¶ 4} In October 2019, Oryshkewych passed away.

{¶ 5} In January 2021, Deshpande filed a complaint against Manning and The Estate of Lynn C. Oryshkewych ("the Estate") and attached the January 2019 Agreement. The complaint asserted claims that Manning did not perform pursuant to the agreement and misrepresented information prior to the parties entering into the agreement. The complaint further alleged that Manning failed to "turn the [liquor] license over to them." It detailed that in September 2020, Manning "placed the liquor licenses in safekeeping with the Ohio Department of Liquor Control" and that this action shut down the operation of the Paddy Wagon.

{¶ 6} Manning filed an answer, counterclaim, and third-party complaint. Manning's answer denied that he "failed to meet his responsibilities with respect to transferring the liquor license." Manning's counterclaim alleged that Deshpande and Oryshkewych failed to pay the $60,000 owed under the January 2019 Agreement for Manning's membership interest in Delmonica and failed to properly transfer the liquor license, causing Manning to incur expenses and tax liabilities. Manning alleged that he provided all the necessary documentation to Deshpande and Oryshkewych, but that they were unable to successfully transfer the license due to various failures to pay fees, provide information, and pay taxes on the license. Because the license was not properly transferred, Manning eventually received a letter from the Ohio Attorney General noting that because the taxes associated with the liquor license remained unpaid, he was to turn over the liquor license to the Ohio Division of Liquor Control for safekeeping. Manning also initiated a third-party complaint against A&L for indemnification in the event that he was found liable to Deshpande.

{¶ 7} In July 2022, Manning filed a motion for summary judgment on Deshpande's complaint and his counterclaim against Deshpande. The motion argued that (1) Deshpande lacked standing to bring the action since the liquor license was purchased by A&L; (2) A&L and/or Deshpande failed to properly effectuate the transfer of the liquor license after Manning complied with all of his contractual obligations; (3) Deshpande failed to perform her obligation to pay $60,000 under the January 2019 Agreement; and (4) there is no evidence that

Manning misrepresented anything or breached any of his obligations under the contracts.

{¶ 8} In August 2022, Deshpande filed a Civ.R. 41(A) dismissal of her complaint against all of the defendants.

{¶ 9} Deshpande's response to Manning's motion for summary judgment included an affidavit from Deshpande averring that (1) the $60,000 payment was only owed once, under The 2018 Agreements, and that the January 2019 Agreement simply restated this purchase price; (2) Manning never demanded an additional sum in relation to the January 2019 Agreement; and (3) the taxes owed for the liquor license predated her ownership of the tavern and Manning "falsely represented that there were no taxes owed that were related to the operation of the tavern prior to our purchase."

{¶ 10} The court granted Manning's motion for summary judgment as it pertained to his counterclaim and ordered Deshpande to pay the $60,000 owed to Manning under the January 2019 Agreement. Deshpande appealed, assigning a single error for our review.

> The trial court erred in its conclusion that there were no material issues of material facts established by the Appellant in its stated opposition to the Appellee's Motion for Summary Judgment.

## II. Law and Analysis

{¶ 11} Sua sponte, this court ordered supplemental briefing as to whether the trial court's granting of summary judgment as to Manning's counterclaim was a final, appealable order pursuant to R.C. 2505.02. This court observed that the

Civ.R. 54(B) language was not present in the trial court's order granting summary judgment and the record further reflected that Manning's third-party claim against A&L was potentially unresolved.

{¶ 12} In her supplemental brief, Deshpande argued that the trial court's omission of the Civ.R. 54(B) language and the outstanding claim against A&L prove that the trial court's grant of summary judgment was not a final, appealable order. In his supplemental brief, Manning argues that his third-party claim against A&L, which was solely for indemnification, was rendered moot by the trial court's grant of summary judgment in favor of Manning and therefore, the order granting summary judgment was a final, appealable order.

{¶ 13} Appellate courts are authorized to review only final orders; absent a final order, an appellate court is without jurisdiction to review an appeal. *Stewart v. Solutions Community Counseling & Recovery Ctrs., Inc.*, 168 Ohio St.3d 96, 2022-Ohio-2522, 195 N.E.3d 1035, ¶ 4; Article IV, Section 3(B)(2), Ohio Constitution. An order is final and appealable if it complies with R.C. 2505.02 and Civ.R. 54(B), if applicable. *Madfan, Inc. v. Makris*, 8th Dist. Cuyahoga No. 102179, 2015-Ohio-1316, ¶ 6, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989). Pertinent to this appeal, R.C. 2505.02(B)(1) defines a final order as one "that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" When an order determines the action and prevents a judgment, it must "dispose of the whole merits of the cause or some separate and distinct branch thereof and leaving nothing for the

determination of the court." *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989). When a case involves multiple parties or multiple claims, the court's order must also meet the requirements outlined in Civ.R. 54(B). *Madfan* at ¶ 7; *Chef Italiano Corp.* at 88. Civ.R. 54(B) provides that

> any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties[.]

Without the mandatory language that "there is no just reason for delay," an order that *fails to dispose of all claims* is not final and appealable. *Kent State Univ. v. Manley*, 2022-Ohio-4512, 204 N.E.3d 115, ¶ 12(8th Dist.), citing *U.S. Bank Trust, N.A. v. Osborne*, 4th Dist. Scioto No. 20CA3930, 2021-Ohio-2898, ¶ 22, citing *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989).

{¶ 14} After a thorough review of the record, we find that we are without jurisdiction to review the instant appeal. In his counterclaim, Manning requested damages for breach of contract for Deshpande's breach of the January 2019 Agreement; the court's summary judgment order disposed of this claim. Further review of the counterclaim indicates that Manning also sought damages for Deshpande's failure to pay taxes associated with the liquor license, causing Manning to incur expenses and fees (Count 2) and also sought to "pierce the corporate veil" of A&L and hold Deshpande personally liable for the debts incurred as a result of Deshpande and/or A&L's failure to pay taxes, causing Manning to incur expenses

and fees (Count 4).[1] The court did not dispose of these claims in its judgment entry nor did Manning voluntarily dismiss them.

{¶ 15} In its order granting Manning's motion for summary judgment, the trial court specifically addressed Manning's claims against Deshpande for breach of contract "for allegedly failing to pay the $60,000 required under the [January 2019 Agreement]." Further, the evidence the court considered is strictly related to the January 2019 Agreement and did not relate to Deshpande's liability to Manning for any expenses or fees incurred as a result of Deshpande's inability to transfer the liquor license. These claims in Manning's counterclaim remain outstanding, and the court's omission of the Civ.R. 54(B) language appears intentional, given that only the breach-of-contract claim was disposed of, and the $60,000 judgment emanated only from Count 1 of Manning's counterclaim. Because the trial court's order granting summary judgment left Counts 2 and 4 of Manning's counterclaim unresolved, it was not a final, appealable order and we are without jurisdiction to review it.

### III. Conclusion

{¶ 16} Because the judgment from which Deshpande appeals is not a final, appealable order, we dismiss the instant appeal.

It is ordered that appellee recover from appellant costs herein taxed.

---

[1] In the counterclaim, Manning listed two claims as "Count Three." We renumber Manning's claim to pierce A&L's corporate veil to Count 4 for ease of discussion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR

KEYWORDS
#111970 – Deshpande v. Manning

Final, appealable order; R.C. 2505.02; Civ.R. 54(B); jurisdiction. Appeal dismissed for want of a final, appealable order. Because the trial court's judgment entry granting summary judgment did not dispose of all claims, this court lacks jurisdiction to review the appeal.