[Cite as *Youngstown v. Newton*, 2023-Ohio-4250.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

CITY OF YOUNGSTOWN,

Plaintiff-Appellee,

v.

GERARD A. NEWTON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0006**

---

Civil Appeal from the
Youngstown Municipal Court, Mahoning County, Ohio
Case No. 15 CVF 4044

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Samuel F. Jordan*, Millstone & Kannensohn, for Plaintiff-Appellee and

Gerard A. Newton, *Pro se*, Defendant-Appellant.

Dated: November 21, 2023

**HANNI, J.**

{¶1} Defendant-Appellant, Gerard A. Newton (Appellant), appeals from a Youngstown Municipal Court judgment denying his motion to vacate a default judgment and contempt orders. For the following reasons, two of the orders appealed from are not final and appealable and all assignments of error are otherwise without merit.

{¶2} On December 4, 2015, the City of Youngstown (Appellee) filed a complaint against Appellant alleging that he owed $150 for grass cutting and weed removal services that occurred at his described property in Youngstown, Ohio on July 28, 2015. The complaint stated that grass cutting and weed removal services were rendered under the Ohio Revised Code and City of Youngstown ordinances for the abatement of nuisances under R.C. 1749.01 through 1749.05. The summons mailed with the complaint informed Appellant that he had to answer the complaint within 28 days. It warned that if Appellant failed to appear or defend against the complaint, he could face judgment by default. The complaint was served by certified U.S. Mail.

{¶3} The complaint was subsequently returned to sender as unclaimed and unable to forward. Consequently, it was mailed by ordinary U.S. Mail with a certificate of mailing to the same address on March 1, 2016. It was not returned.

{¶4} On June 27, 2017, counsel for Appellee filed an application for default judgment in Youngstown Municipal Court. Counsel indicated that Appellant failed to appear and answer. Counsel also filed an affidavit attesting that: Appellant owed a balance of $150 with interest; no payments were made on the account; and research did not show that Appellant was on active military service, incompetent, or a minor.

{¶5} On July 10, 2017, the court granted default judgment in favor of Appellee and ordered Appellant to pay $150 with interest from July 28, 2015, and court costs.

{¶6} Despite the July 10, 2017 default judgment, a September 29, 2017 text docket entry from Youngstown Municipal Court stated that the case had been pending since December 4, 2015, with no activity since March 1, 2016. The entry stated that it served as notice that the case would be dismissed for lack of prosecution unless good cause was shown before October 11, 2017.

{¶7} The next docket entry is dated March 24, 2022. It indicates that Appellee filed a debtor's exam. A second March 24, 2022 docket entry indicates that a hearing

was scheduled for a debtor's exam on March 31, 2022. It also states "RESULT: DEFENDANT FAILED TO APPEAR." Further, Appellee's motion for supplementary proceedings to schedule a debtor's exam is time-stamped April 1, 2022. The court granted the motion and scheduled the debtor's exam for May 31, 2022. The order cautioned that failure to appear was punishable by a contempt order.

{¶8} Records show that Appellant signed for certified mail delivery of the court order on April 2, 2022. The docket indicates that certified mail was issued on April 1, 2022 and accomplished on April 2, 2022.

{¶9} On May 31, 2022, the magistrate issued an order indicating that service was perfected on Appellant and he failed to appear for the debtor's exam. The court continued the case for Appellee to file a motion to show cause. Appellee filed the motion to show cause on July 12, 2022.

{¶10} On July 14, 2022, the court issued an order to show cause for Appellant to appear before the court on August 23, 2022 to show why he should not be punished for contempt of court. Records show that Appellant's wife signed for the certified mail delivery of the order on July 15, 2022.

{¶11} On August 23, 2022, the magistrate held a hearing on Appellee's motion to show cause. The magistrate found that service was perfected on Appellant and he failed to appear for the hearing.

{¶12} On September 26, 2022, the court issued a contempt order for Appellant's failure to appear at the August 23, 2022 hearing. The court found Appellant in contempt and granted him 30 days to purge the contempt by appearing before the court with all relevant financial information. The order is dated September 23, 2022 and time-stamped September 26, 2022.

{¶13} On October 28, 2022, Appellant filed a motion to vacate the default judgment and contempt order. He alleged that the judgment and order were void because he received no pre-abatement or collection letter from the City of Youngstown and the City's ordinance imposing abatement without written notice conflicted with Ohio Revised Code 731.51, which required notice. Accompanying the motion was Appellant's sworn affidavit stating that he never received a pre-abatement letter, collection letter, or other demand for payment of $150.

Case No. 23 MA 0006

{¶14} On December 6, 2022, the court denied the motion to vacate, finding that it was untimely filed. The court signed the journal entry on December 6, 2022 and it was time-stamped on December 6, 2022. The entry was docketed December 8, 2022.

{¶15} On January 9, 2023, Appellant filed the instant appeal. He asserts four assignments of error.

## APPEAL OF NUMEROUS COURT ORDERS

{¶16} In his notice of appeal, Appellant attempts to appeal four separate municipal court orders. Those are: (1) the court's December 6, 2022 order denying Appellant's motion to vacate the default judgment against him; (2) the court's July 10, 2017 default judgment order; (3) the court's July 14, 2022 order to show cause; and (4) the court's September 26, 2022 contempt order.

{¶17} For the following reasons, we find that the municipal court's July 14, 2022 and September 26, 2022 orders are not final appealable orders. We further find that Appellant's assignments of error lack merit.

## LACK OF FINAL APPEALABLE ORDERS

{¶18} An appellate court has authority to review only final orders and the court lacks jurisdiction over any order that is not final. *Stewart v. Solutions Community Counseling and Recovery Ctrs., Inc.*, 168 Ohio St.3d 96, 2022-Ohio-2522, 195 N.E.3d 1035, ¶ 4, citing *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10.

{¶19} The Ohio Supreme Court has held that, "[a] court order finding a party in contempt and imposing a sentence conditioned on the failure to purge is a final, appealable order on the issue whether the party is in contempt of court." *Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.*, 141 Ohio St.3d 107, 2014-Ohio-4254, 22 N.E.3d 1035, ¶ 23. Thus, the court order of contempt must include both a finding of contempt and a sentence that activates if the party does not purge the contempt.

{¶20} In the instant case, neither the July 14, 2022 nor the September 26, 2022 orders imposed a sentence conditioned on Appellant's failure to purge the contempt. The July 14, 2022 order to show cause directed Appellant to appear before the court on

August 23, 2022 to explain why he should not be found in contempt and sanctioned for his disobedience of a prior court order. Since the order lacked a contempt finding and a sanction, it is not a final appealable order and we lack jurisdiction to review it. The same applies to the court's September 26, 2022 order of contempt. While the court found Appellant in contempt for his failure to appear at the show cause hearing, the court did not impose a sanction. Rather, the court granted Appellant 30 days in which to purge the contempt. Without a corresponding sanction, this also does not constitute a final appealable order.

**{¶21}** Accordingly, we lack jurisdiction to consider Appellant's appeal of the July 14, 2022 and September 26, 2022 judgment entries because they are not final appealable orders.

### MERITS OF ASSIGNMENTS OF ERROR

**{¶22}** We take the four assignments of error out of order for ease of analysis. In his second and third assignments of error, Appellant asserts:

**2.** **The Court Disregarded its Responsibilities Under Rule 12 (H)(3) When It Failed To Address its Subject Matter Jurisdiction (Including Standing To Sue Under Section 1749.04(b))[sic] When Presented With A Credible Demonstration Of Jurisdictional Deficiency By The Defendant And Vacate Its Default Judgment And Ancillary Contempt Proceedings, Where The City Failed To Answer The Defendant's Motion And Fulfill Its Obligation To Establish The Court's Subject Matter Jurisdiction And The City's Standing To Sue Under Its Own Legislation.**

**3.** **The Court Erroneously Failed To Require The City To Undertake Its Burden To Establish The Court's Subject Matter Jurisdiction And The City's Standing To Sue Under Section 1749.04(b) And Instead Sua Sponte Erroneously Pre-Empted The City's Duty To Answer The Jurisdictional Challenge By Offering A Defense Of Untimely Filing which The City Chose Not [to] Assert And Relying Upon A Void**

**Judgment To Establish A deadline For Seeking Relief From The Void Judgment.**

**{¶23}** Appellant asserts that Appellee disregarded its burden under Civ. R. 12(H)(3) to establish the subject matter jurisdiction of the municipal court. He further asserts that the municipal court erred by offering Appellee the defense of untimely filing of his motion to vacate the default judgment instead of requiring Appellee to establish the court's subject matter jurisdiction.

**{¶24}** Appellee does not specifically address these assertions. Rather, Appellee acknowledges that a party may raise the subject matter jurisdiction of a court at any time. Appellee asserts that the municipal court possessed subject matter jurisdiction.

**{¶25}** Civ. R. 12(H) is entitled "Waiver of Defenses and Objections" and Civ. R. 12(H)(3) states that, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction on the subject matter, the court shall dismiss the action." Subject matter jurisdiction can never be waived and can be challenged at any time. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11. The subject-matter jurisdiction of a court is its "power to hear and decide cases." *Fifth Third Bank, N.A. v. Maple Leaf Expansion, Inc.,* 188 Ohio App.3d 27, 2010-Ohio-1537, ¶ 15 (7th Dist.), citing *Pratts*, 102 Ohio St.3d 81, 2004-Ohio-1980, 934 N.E.2d 366, ¶ 11.

**{¶26}** Municipal courts are statutorily created under R.C.1901.01, and the subject matter jurisdiction of those courts is set forth by R.C. 1901.18. *Cheap Escape Co., Inc. v. Haddox, L.L.C.*, 120 Ohio St.3d 493, 900 N.E.2d 601, 2008-Ohio-6323, ¶ 7. Municipal courts have subject matter jurisdiction of those matters identified in R.C. 1901.18 that are within its territories. *Id.* R.C. 1901.17 establishes the $15,000 monetary limit of the municipal court's jurisdiction. R.C. 1901.02(A) provides that the municipal courts established under R.C. 1901.01 "have jurisdiction within the corporate limits of their respective municipal corporations."

**{¶27}** The Ohio Supreme Court holds that "[w]hen a court has the constitutional or statutory power to adjudicate a particular class or type of case, that court has subject-matter jurisdiction." *Ostanek v. Ostanek*, 166 Ohio St.3d 1, 2021-Ohio-2319, 181 N.E.3d 1162, ¶ 36, citing *Corder v. Ohio Edison Co.*, 162 Ohio St.3d 639, 2020-Ohio-5220, 166 N.E.3d 1180, ¶ 14. The Court recognizes that "there is a distinction between a court that

lacks subject-matter jurisdiction over a case and a court that improperly exercises that subject-matter jurisdiction once conferred upon it." *Pratts*, *supra*, at ¶ 10.

**{¶28}** The instant case concerns a complaint in contract against Appellant to pay $150 in fees expended by the City in hiring a service to mow grass on Appellant's property located in Youngstown, Ohio, that exceeded the height allowed in the City ordinance. The municipal court has subject matter jurisdiction over such matters. The case involved the violation of a City Ordinance concerning property located in the City of Youngstown and an attempt to collect $150 for abatement of the nuisance on the property owned by Appellant in the City of Youngstown.

**{¶29}** For these reasons, Appellant's assignments of error numbers 2 and 3 lack merit.

**{¶30}** In his first assignment of error, Appellant asserts:

**1.      Enforcement Of The City's Chapter 1749 Abatement Legislation Violated The Provisions Of Title VII Section 731.51 et seq. And Was Invalid Under The Requirement Under Section 3, Article XVII Of The Ohio Constitution That Municipal Police Power Enactments Not Be In Conflict With Applicable State Statutes**.

**{¶31}** Appellant asserts that the City failed to provide him notice before it summarily abated the weeds and grasses on his property. He contends that this violated his constitutional procedural due process rights and conflicts with R.C. 731.51, which requires written notice to a property owner to cut noxious weeds within 5 days of service of the notice. Appellant challenges Youngstown City Ordinance Section 1749, *et seq.*, which concern public nuisances. He maintains that the amendments to this section made on April 1, 2015 (through Ordinance 15-90) violate and conflict with procedural due process and Ohio Rev. Code 731.51, because Council removed the notice provisions that were previously found in Section 1749.

**{¶32}** Appellant explains that these prior sections required the City to provide the property owner with a warning and citation before entering his property, abating the nuisance, and charging a removal fee. Appellant also challenges the absence of a hearing before the City abated and the City's failure to issue him a collection letter before

suing him. He concludes that these violations establish that the municipal court lacked subject matter jurisdiction to grant default judgment and find him in contempt.

**{¶33}** Appellee responds that Appellant waived the issue of the validity of the civil complaint on appeal because he failed to raise it before the municipal court. Appellee further asserts that municipal courts have subject matter jurisdiction over actions not exceeding $15,000 that have a territorial connection. R.C. 1901.17; R.C. 1901.18. Appellee also contends that the municipal court did not abuse its discretion by denying Appellant's motion to vacate because the motion was untimely filed.

**{¶34}** We note that the record before us lacks documentation of any notice issued to Appellant informing him of a nuisance violation, a citation to cut or remove the offending grasses, or a collection letter preceding a civil suit. The civil complaint in the municipal court appears to be the first filing in the record before this Court.

**{¶35}** Section 3, Article XVIII of the Ohio Constitution is entitled "Municipal powers of self-government" and provides that "[s]ubject to the requirements of Section 1 of Article V of this constitution, municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

**{¶36}** The City ordinances at issue govern its procedures upon finding and abating noxious weeds and grasses over eight inches on parcels of land within the City. Youngstown City Ordinance 1749.01 describes the weeds and grasses over eight inches and declares them "unlawful as a public nuisance and detrimental to the health, safety and welfare of the general public."

**{¶37}** Youngstown City Ordinance 1749.02 prohibits a property owner from allowing noxious weeds and grasses over eight inches in height to stand and further provides:

(b) The City may issue a citation to the owner or tenant to cut or remove the grass, weeds, and/or plants specified under Section 1749.01. The City, in its sole discretion, may issue or post a warning notice to the owner or tenant prior to issuing a citation. Posted notices shall be in at least twelve-point type and prominently posted on or near the property.

(c) A violation of this Section is a nuisance per se pursuant to Section 1749.01, and as such the City may enter said lot of land to abate the nuisance without issuing or posting notice in order to protect the health, safety and welfare of the general public.

{¶38} Youngstown City Ordinance 1749.03 allows the City to remove the grasses and weeds and continue to maintain the property until the growing season ends and to "recover the total cost for all services." Youngstown City Ordinance 1749.04(a) provides that the removal costs are the obligation of the property owner and sets the cost at a minimum of $150.

{¶39} Youngstown City Ordinance 1749.04(b) provides that:

(b) The City of Youngstown may collect the costs or charges for such removal or abatement from the property owners. At any time after such costs are incurred, subject to limitations as provided by law, the City of Youngstown or a duly retained agent or attorney at law shall send a letter attempting to collect such costs to the property owner at the property owner's last known address, via regular U.S. mail. If the property owner fails to pay within 30 days of the date of the letter, then the City of Youngstown or a duly retained agent or attorney at law may collect the cost or charges from the property owners by any of the following methods:

(1) The City of Youngstown may certify the total costs, together with a proper description of the lands, to the County Auditor who shall place the costs upon the tax list and duplicate. The costs are a lien upon such lands from and after the date the costs were incurred. The costs shall be collected as other taxes and returned to the City of Youngstown.

* * *

Such certification shall not, however, preclude other methods of recovery of such cost as may be authorized generally by law; and/or

(2) The City of Youngstown or a duly retained agent or attorney at law may commence a civil action to recover the total costs from the owner.

**{¶40}** Appellant contends that he received no notice of a nuisance violation, citation, letter of abatement, or collection letter for abatement fees. He asserts that Youngstown Ordinance 1749.02 conflicts with R.C. 731.51 because the ordinance allows the City discretion to issue notice, while the statute mandates notice.

**{¶41}** R.C. 731.51(A) is entitled "Notice to cut noxious weeds or remove litter," and provides that:

(A) Upon written information that noxious weeds are growing on lands in a municipal corporation, and are about to spread or mature seeds, the legislative authority shall cause a written notice to be served upon the owner, lessee, agent, or tenant having charge of such land, notifying him that noxious weeds are growing on such lands and that they must be cut and destroyed within five days after the service of such notice.

**{¶42}** R.C. 731.53 provides that the legislative authority of a municipal corporation shall remove the noxious weeds and bill the property owner if the property owner fails to comply with the notice sent under R.C. 731.51.

**{¶43}** It is true that the language in Youngstown City Ordinance 1749.02(b) is discretionary as it states that the City "may issue a citation" and the City has "sole discretion" to issue or post a warning notice before issuing a citation. Further, Youngstown City Ordinance 1749.02(c) provides that the City may abate the nuisance without providing notice because such a violation is a nuisance per se and abatement can be made "to protect the health, safety and welfare of the general public."

**{¶44}** However, even accepting this discretionary language, it appears that Appellee violated its own ordinance. Since no documentation preceding the complaint is present in the record before us, it appears that the City violated Youngstown Ordinance 1749.04(b) by failing to send Appellant a letter notifying him that the City was seeking to collect its costs for abating the grass. The language in this section is mandatory, stating that before filing a civil suit or assessing the removal fee to the auditor, the City agent or an attorney "shall" send the property owner a letter by mail informing him that the City is

seeking to collect the costs of abatement on the property. Youngstown City Ordinance 1749.04(b). It continues that, "[i]f the property owner fails to pay within 30 days of the date of the letter," then the City may collect the fees from the property owner either by certification to the auditor or by filing a civil suit to recover the fees. *Id.*

**{¶45}** Although Appellee may have violated its ordinance, we find that Appellant has waived this issue on appeal. "A failure to preserve an issue in the trial court waives the issue for purposes of appeal." *Mauldin v. Youngstown Water Dept.*, 7th Dist. Mahoning No. 19 MA 0010, 2019-Ohio-5065, 150 N.E.3d 433, citing *Wynn v. Waynesburg Rd LLC,* 7th Dist. Carroll No. 17 CA 0921, 2018-Ohio-3858, ¶ 11; and *Stanton v. Marc's Store*, 7th Dist. Mahoning No. 15 MA 49, 2015-Ohio-5551, ¶ 35, citing *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210, 436 N.E.2d 1001 (1982) ("the fundamental rule is that an appellate court will not consider any error which could have been brought to the trial court's attention"). The Ohio Supreme Court has held that, "[t]he failure to challenge the constitutionality of a statute in the trial court forfeits all but plain error on appeal, and the burden of demonstrating plain error is on the party asserting it." *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 2 (2014).

**{¶46}** Appellant had plenty of opportunities to raise the issue of notice before the trial court well before he filed his motion to vacate the default judgment. He failed to answer, respond, or defend in this action for over 5 years after the default judgment was issued against him. He could have raised this issue with a motion to dismiss the complaint or defended against it after filing an answer. Appellant does not complain about a failure to receive a copy of the complaint. Since Appellant failed to respond or answer, or otherwise indicate his intention to defend against the complaint, he was not entitled to notice of the application for default judgment. *See* Civ. R. 55(A). Moreover, the record shows that Appellant was served with notice of a debtor's examination, the order to show cause, the show cause hearing date, and the order in contempt when he failed to appear.

**{¶47}** For these reasons, Appellant's first assignment of error lacks merit.

**{¶48}** In his fourth assignment of error, Appellant asserts:

**4.     In Any Case, Defendant's Vacation Motion Was Timely Filed, Since his Motion Was Filed On October 23, 2022, Well Within The Thirty-Day[sic] from September 26, 2022 deadline**.

Case No. 23 MA 0006

{¶49} Appellant asserts that he timely filed his motion to vacate the default judgment and contempt orders. He contends that the trial court incorrectly used the date of the court's signature on the September 23, 2022 journal entry, rather than the date that the order was entered upon the judgment journal, which was September 26, 2022. He claims that he was also entitled to three additional days to answer under Civ. R. 6(D) for mail service, which would allow him to file by October 26, 2022. He notes that he filed his motion on October 23, 2022.

{¶50} Appellee counters that the trial court did not abuse its discretion by denying Appellant's untimely motion to vacate. Appellee notes that Civ. R. 60(B) allows for the filing of a motion to vacate "within a reasonable time." Appellee contends that the motion to vacate was not filed within a reasonable time because the default was issued on July 10, 2017 and Appellant filed the motion to vacate on October 23, 2022.

{¶51} In his motion to vacate the default judgment, however, Appellant asserted the motion was not based upon Civ. R. 60(B). Rather, he stated that it was based upon the inherent authority of the court to vacate void judgments. (*See* Mot. to Vacate at page 3). He submits that the "reasonable time" requirement of Civ. R. 60(B) therefore does not apply to his motion.

{¶52} Appellant is correct that trial courts have inherent authority to vacate a void judgment and a party who asserts a lack of jurisdiction based on a lack of service does not need to meet Civ. R. 60(B) requirements. *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph four of the syllabus ("The authority to vacate a void judgment is an inherent power of the court and is not derivative of Civ.R. 60(B)[.]").

{¶53} However, just as with a Civ. R. 60(B) motion, we review a trial court's decision on a motion to vacate a default judgment under an abuse of discretion standard. *See During v. Quoico*, 10th Dist. Franklin No. 11AP-735, 2012-Ohio-2990, 973 N.E.2d 838, ¶ 16. The trial court did not abuse its discretion in denying Appellant's motion to vacate the default judgment based upon untimeliness.

{¶54} In its application for default judgment on June 27, 2017, Appellee included a document dated March 1, 2016 and signed by the postmaster, which showed regular mail with certificates of mailing, and included service to Appellant's address with a tracking number. The court granted the application for default judgment, finding that

Appellant was duly served with process in accordance with Civ. R. 4 and Appellant failed to plead, appear, or otherwise respond to the complaint. The court granted Appellee judgment in the amount of $150 plus interest on July 10, 2017.

{¶55} Nearly five years later, the municipal court ordered a debtor's exam to occur on May 31, 2022 and Appellant failed to appear. A record dated April 4, 2022 from the U.S. Post Office indicated that Appellant signed for the debtor's exam order as it was sent by certified mail. On July 14, 2022, the municipal court issued an order to show cause for Appellant to appear on August 23, 2022 to explain why he should not be found in contempt of court for his prior failures to obey the court's orders. The record shows that the court order was mailed to Appellant on the same date and on July 15, 2022, certified mail delivery was signed.

{¶56} Yet again, Appellant failed to appear. Consequently, the municipal court issued a contempt order on September 26, 2022 indicating Appellant's latest failure to appear. The court ordered that Appellant appear with his financial information within 30 days to purge his contempt.

{¶57} On October 28, 2022, Appellant filed his motion to vacate the default judgment order and order of contempt, challenging the court's subject matter jurisdiction and the constitutionality of the Youngstown City Ordinances.

{¶58} This record shows that service of the complaint was perfected on Appellant, as well as nearly every other order in this case.

{¶59} As discussed, *infra*, the municipal court possessed subject matter jurisdiction over the case. Further, the City did not lack standing to sue. And even if it had, the Ohio Supreme Court has held that "a particular party's standing, or lack thereof, does not affect the subject-matter jurisdiction of the court in which the party is attempting to obtain relief." *Bank of Am. v. Kuchta*, 141 Ohio St. 3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 23, citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 77, 701 N.E.2d 1002 (1998).

{¶60} If Appellant wished to challenge the complaint due to lack of notice of an abatement letter, he should have answered or responded. If he wished to challenge the default proceedings, the debtor's exam, and the contempt orders, he should have answered, responded, appeared, or otherwise defended against these filings. He should

Case No. 23 MA 0006

not have waited over five years to challenge the court order granting default judgment. In light of Appellant's repeated inaction and lack of compliance in the municipal court, we find that the trial court did not abuse its discretion in denying his motion to vacate the default judgment or other orders against him.

**{¶61}** For these reasons, Appellant's fourth assignment of error lacks merit.

**{¶62}** Based on the above, all of Appellant's assignments of error lack merit.

Robb, J., concurs.

D'Apolito, P.J., concurs.

Case No. 23 MA 0006

_____

For the reasons stated in the Opinion rendered herein, Appellant's assignments of error are overruled and the judgment of the Youngstown Municipal Court, Mahoning County, Ohio is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.


_____
**JUDGE MARK A. HANNI**

_____
**JUDGE CAROL ANN ROBB**

_____
**JUDGE DAVID A. D'APOLITO**


## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**