[Cite as *In re Contempt of Zuckerman*, 2024-Ohio-2072.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE CONTEMPT OF YAIR ZUCKERMAN AND HARRY SCHAYER | : | |
| | : | |
| [Appeal by Attorneys Yair Zuckerman and Harry Schayer in the matter styled Healthcare Services Group Inc. v. Bryan SNF LLC et al.] | : | Nos. 113344, 113345, and 113439 |
| | : | |
| | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** May 30, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-967622

***Appearances:***

Zukerman, Lear & Murray, Co., L.P.A., Larry W. Zukerman, and Brian A. Murray, *for appellants*.

Hahn Loeser & Parks LLP, Rocco I. Debitetto, and Justin Croniser, *for appellee* Healthcare Services Group Inc.

SEAN C. GALLAGHER, J.:

{¶ 1} In this consolidated appeal, Harry Schayer and Yair Zuckerman appeal from the trial court's October 6, 2023 orders finding them in contempt of court and ordering the county sheriff to issue warrants for their arrest. Schayer and Zuckerman also appeal from the trial court's December 6, 2023 decision denying

their Civ.R. 60(B) motion to vacate and/or for relief from the October 6, 2023 orders. This court sua sponte ordered the parties to file briefs addressing the existence of a final, appealable order, and those briefs have been filed. For the reasons stated below, we dismiss the consolidated appeal for lack of a final, appealable order and for want of jurisdiction.

{¶ 2} Article IV, Section 3(B)(2) of the Ohio Constitution grants the courts of appeals "such jurisdiction as may be provided by law to review * * * judgments or final orders * * *." "[W]ithout a final order, an appellate court has no jurisdiction." *Stewart v. Solutions Community Counseling & Recovery Ctrs., Inc.*, 168 Ohio St.3d 96, 2022-Ohio-2522, 195 N.E.3d 1035, ¶ 4, citing *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10.

{¶ 3} "Contempt of court consists of two elements. The first is a finding of contempt of court and the second is the imposition of a penalty or sanction, such as a jail sentence or fine." *Chain Bike Corp. v. Spoke 'N Wheel, Inc.*, 64 Ohio App.2d 62, 64, 410 N.E.2d 802 (8th Dist.1979). As the Supreme Court of Ohio has explained, "the judgment of contempt is a final, appealable order at the time sentence is imposed[.]" *Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.*, 141 Ohio St.3d 107, 2014-Ohio-4254, 22 N.E.3d 1035, ¶ 2. In the case of civil contempt, "a court order finding a party in contempt and imposing a sentence conditioned on the failure to purge is a final, appealable order on the issue whether the party is in contempt of court." *Docks Venture* at ¶ 23. The distinction between civil and

criminal contempt is typically based on the character and purpose of the contempt sanctions. *Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 16, 520 N.E.2d 1362 (1988), citing *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253, 416 N.E.2d 610, 612 (1980); *see also Docks Venture* at ¶ 13, citing *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554-555, 740 N.E.2d 265 (2001).

{¶ 4} In this case, on July 28, 2023, the plaintiff and judgment creditor Healthcare Services Group, Inc., filed a motion to show cause asking the trial court to require the defendants/judgment debtors Bryan SNF, LLC, et al., "by and through Harry Schayer, president and/or Yair Zuckerman, CEO" to "appear and show cause as to why they should not be held in contempt for failing to appear at a debtor's examination on July 19, 2023" in violation of the court's order of May 22, 2023, which had ordered the judgment debtors to appear. The trial court scheduled a hearing on the motion to show cause for September 13, 2023, ordered the defendants to appear, and indicated that the failure to appear "may result in sanctions[.]" After Schayer and Zuckerman failed to appear on behalf of the judgment debtors at the hearing, the trial court granted the motion to show cause. Thereafter, on October 6, 2023, the trial court issued orders that found Schayer and Zuckerman in contempt for failing to appear on behalf of the judgment debtors for the taking of a debtor's examination. In each order, the trial court ordered the county sheriff "to issue a warrant for the arrest" of Schayer and Zuckerman respectively, but the court allowed for the removal of the warrant upon a filing by plaintiff's counsel of a notice of compliance with the debtor's examination or

satisfaction of judgment. However, the trial court did not impose any sanction for contempt, such as a fine or jail time or a conditional penalty, upon Schayer and Zuckerman, who had yet to appear before the court.

{¶ 5} Contrary to appellants' argument, the appealed entry is not a final, appealable order. As the Supreme Court of Ohio has recognized, "A common pleas court has both inherent and statutory power to punish contempts," *Burt v. Dodge*, 65 Ohio St.3d 34, 35, 599 N.E.2d 693 (1992), citing *Zakany v. Zakany*, 9 Ohio St.3d 192, 459 N.E.2d 870 (1984), at syllabus; and "the power to issue arrest warrants in contempt cases is a 'necessary corollary' of the contempt power." *Id.* "Moreover, R.C. 2705.03, which establishes procedures for imposing indirect contempt sanctions under R.C. 2705.02, specifically recognizes a court's power to 'issu[e] process to bring the accused into court' in cases of indirect contempt." *Burt* at 35-36. In such a case, the trial court's issuance of a bench warrant does not render the order a final, appealable order. *See In re M.N.*, 11th Dist. Geauga No. 2010-G-2962, 2010-Ohio-4978, ¶ 16 (finding an order issuing a warrant for the arrest of a minor child who failed to appear at a dispositional hearing was not a final order under R.C. 2505.02(B)).

{¶ 6} Appellant has not cited to any authority determining otherwise, and the circumstances in the cases relied upon by appellants are distinguishable from this matter. *See In re B.A.L.*, 2016-Ohio-300, 47 N.E.3d 187, ¶ 20, 31 (8th Dist.) (the trial court not only issued a warrant for arrest, but also ordered any visitation with the child be supervised); *Briggs v. Moelich*, 8th Dist. Cuyahoga No. 97001, 2012-

Ohio-1049, ¶ 3 (the trial court imposed a 30-day jail sentence with purge conditions); *Docks Venture*, 141 Ohio St.3d 107, 2014-Ohio-4254, 22 N.E.3d 1035, at ¶ 7 (the trial court imposed a conditional sanction that included a $1,000 per day fine with a purge condition).

{¶ 7} Simply put, the trial court possessed the authority to order that warrants be issued for the arrest of Schayer and Zuckerman so that the court could enforce its orders and bring the contemnors before the court to answer for their contemptuous conduct. *See In re E.A.*, 3d Dist. Crawford No. 3-21-21, 2022-Ohio-2625, ¶ 20, citing *In re J.R.R.*, 12th Dist. Butler No. CA2013-09-176, 2014-Ohio-3550, ¶ 30; R.C. 2705.02(A) and 2705.03. The trial court also could recall the warrant upon a notice of compliance.

{¶ 8} At this juncture, without the imposition of a conditional or unconditional sanction, the orders finding appellants in contempt are interlocutory in nature. Because no sanction has been imposed upon the finding of contempt and the contempt proceedings have not been concluded, the trial court's October 6, 2023 orders were not final, appealable orders. *See Chain Bike Corp.*, 64 Ohio App.2d at 64, 410 N.E.2d 802 ("The mere adjudication of contempt is not final until a sanction is imposed.").

{¶ 9} Accordingly, we must dismiss the appeal for the lack of a final appealable order and for want of jurisdiction. *See Claybrooks v. Giant Eagle, Inc.*, 8th Dist. Cuyahoga No. 104347, 2016-Ohio-7966, ¶ 6-7. Additionally, a party may not "bootstrap" a ruling on a Civ.R. 60(B) motion into a final, appealable order

where the underlying contested order is not final.  *Justice v. Sears, Roebuck & Co.*, 2d Dist. Montgomery No. 8658, 1984 Ohio App. LEXIS 11065, 5 (Sept. 4, 1984).

{¶ 10} For the foregoing reasons, the appeal is dismissed.

It is ordered that appellee recover from appellant the costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

SEAN C. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MICHAEL JOHN RYAN, J., CONCUR