[Cite as *State v. Dickerson*, 2019-Ohio-2738.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

      Plaintiff-Appellant,          :

                                     Nos. 107520

      v.                                  :

OSCAR S. DICKERSON,                     :

      Defendant-Appellee.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** July 3, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-14-585521-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellant.*

Russell S. Bensing, *for appellee.*

ANITA LASTER MAYS, J.:

{¶ 1}  Plaintiff-appellant, the state of Ohio, appeals the trial court's denial of the state's motion to reinstate the conviction of the defendant-appellee, Oscar S. Dickerson ("Dickerson").  Upon a review of the record, we find that the trial court's

denial to reinstate the conviction is not a final appealable order, and accordingly, we have no jurisdiction to determine this appeal.

## I.    Facts and Procedural History

{¶ 2}    On May 15, 2014, Dickerson, along with his codefendant, Michael J. Jenkins ("Jenkins") were indicted on five counts relating to a sexual assault that occurred on July 2, 1994.  Both were charged with two counts of rape, two counts of complicity, and one count of kidnapping.  On November 5, 2014, six days before the trial, Dickerson filed a motion to dismiss on the ground of preindictment delay.  The trial court denied the motion as untimely.  Both Dickerson and Jenkins were found guilty, and Dickerson was sentenced to five years in prison.

{¶ 3}    The state appealed the sentence, and Dickerson filed a cross-appeal. This court in *State v. Dickerson*, 2016-Ohio-807, 60 N.E.3d 699, ¶ 54 (8th Dist.) ("*Dickerson I*") held that "[h]aving found that trial counsel was ineffective by not filing a timely motion to dismiss on the ground of preindictment delay, the conviction against Dickerson is vacated."  The state appealed to the Ohio Supreme Court, and the Supreme Court decided "judgment vacated and cause remanded to the court of appeals for application of *State v. Jones*, Slip Opinion No. 2016-Ohio-5105."  *State v. Dickerson*, 146 Ohio St.3d 1493, 2016-Ohio-5585, 57 N.E.3d 1172. On remand and after applying *Jones*, this court again held "[h]aving found that trial counsel was ineffective by not filing a timely motion to dismiss on the ground of preindictment delay, the conviction against Dickerson is reversed."  *State v. Dickerson*, 8th Dist. Cuyahoga No. 102461, 2017-Ohio-177, ¶ 64 ("*Dickerson II*").

{¶ 4} On remand, the trial court held a hearing on the issue of the preindictment delay and found that Dickerson did not suffer prejudice due to the delay. The state then filed a motion with the trial court to reinstate Dickerson's convictions. The trial court denied the motion on July 6, 2018. The state sought leave to appeal the denial of their motion, and this court granted leave. Dickerson[1] and Jenkins,[2] simultaneously filed appeals on the trial court's denial of their preindictment delay motions. Those appeals are pending before this same panel. The state also filed an identical appeal to this one in regards to Jenkins.[3] The state assigns one error for our review:

> I. The trial court erred in denying the state's motion to reinstate convictions because such an order granted the defendant a new trial where no error justifies a new trial and the taint of the remand has been neutralized.

## II. Final Appealable Order

### A. Whether this Court has Authority to Review the Trial Court's Decision to Deny Reinstatement of Convictions

{¶ 5} The state contends that the trial court's denial of its motion to reinstate Dickerson's convictions is a final appealable order.

> The requirement of a final, appealable order is equally important in both civil and criminal cases. "An appellate court can review only final orders, and without a final order, an appellate court has no

---

[1] *State v. Dickerson*, 8th Dist. Cuyahoga No. 107419, currently on appeal.

[2] *State v. Jenkins*, 8th Dist. Cuyahoga No. 107409, currently on appeal.

[3] *State v. Jenkins*, 8th Dist. Cuyahoga No. 107518, currently on appeal.

jurisdiction." *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10.

*State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 28.

{¶ 6} The state argues that because the trial court denied its motion to reinstate Dickerson's conviction, it effectively grants Dickerson a new trial, which is a final appealable order.

> As a general rule, the state may not file an appeal except as provided by R.C. 2945.67. *State ex rel. Leis v. Kraft*, 10 Ohio St.3d 34, 460 N.E.2d 1372 (1984). Pursuant to R.C. 2945.67(A), the state has a right to appeal only when the court grants a motion: 1) to dismiss counts in an indictment; 2) to suppress evidence; 3) to return property; or 4) for postconviction relief. Additionally, the state "may appeal by leave of * * * court * * * any other decision, except the final verdict * * *." *Id.* *See also* App.R. 5(C) (outlining the procedure the state must follow when requesting leave to appeal).

*State v. Colon*, 8th Dist. Cuyahoga No. 103150, 2016-Ohio-707, ¶ 8.

{¶ 7} In addition,

> [a]nother interlocutory order that may become final and appealable upon ruling is an order that grants a new trial. R.C. 2505.02(B)(3). In *State v. Matthews*, 81 Ohio St.3d 375, 380, 691 N.E.2d 1041 (1998), the Ohio Supreme Court held as follows: "We are now clarifying that under R.C. 2505.02 and 2505.03(A), a trial court's order granting a defendant a new trial in a criminal case is a final appealable order which the state may appeal by leave of court." The *Matthews* court also explained that "we have already implicitly held that R.C. 2505.02 applies to all appeals, civil and criminal." *Id.* at 377.

*Id.* at ¶ 13.

{¶ 8} It is important to note that the trial court, in its July 6, 2018 journal entry, did not grant Dickerson a new trial, and there is not an order from the trial court that grants Dickerson a new trial. Therefore, the state incorrectly argues that

the denial of the motion automatically grants Dickerson a new trial. The state could elect to not try Dickerson again.

{¶ 9} We cannot review the state's claim of error, even if the state's argument has merit regarding an automatic retrial, because we do not have the trial court's reasoning for granting a retrial. "The basis for the new trial must be specifically stated in order to allow a reviewing court to determine whether the trial court abused its discretion in ordering a new trial. *Antal v. Olde Worlde Prod., Inc.*, 9 Ohio St.3d 144, 459 N.E.2d 223, syllabus (1984)." *425 Partnership v. Weston*, 8th Dist. Cuyahoga Nos. 68386 and 68498, 1996 Ohio App. LEXIS 844 (Mar. 7, 1996). *See Chaney v. Chaney*, 8th Dist. Cuyahoga Nos. 70679 and 70653, 1998 Ohio App. LEXIS 1063 (Mar. 19, 1998) ("The basis for granting a new trial must be specifically stated in order to allow a reviewing court to determine whether the trial court erred * * *."). Without an order from the trial court expressly granting Dickerson a new trial and its reasoning for doing so, this court cannot review the state's assignment of error because there is not a final appealable order.

{¶ 10} For the foregoing reasons, it is our determination that the trial court's denial of the state's motion to reinstate Dickerson's convictions does not satisfy the requirements of a final order under R.C. 2505.02(B)(3), which states,

> [a]n appellate court's jurisdiction is limited to reviewing, affirming, modifying or reversing judgments or final orders. Section 3(B)(2), Article IV, Ohio Constitution. *See also* R.C. 2505.03. R.C. 2505.02 sets forth what is meant by a final appealable order and provides in relevant part:

"(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following: * * * (3) An order that vacates or sets aside a judgment or grants a new trial. This appeal is dismissed for lack of a final appealable order."

*State v. Patchin*, 6th Dist. Lucas No. L-00-1103, 2000 Ohio App. LEXIS 4972 (Oct. 27, 2000).

{¶ 11} Accordingly, the appeal is dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN T. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR