[Cite as *State v. Green*, 2026-Ohio-738.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 115234 |
| v. | : | |
| RAYVEN R. GREEN, | : | |
| Defendant-Appellant. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 5, 2026

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-671741-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Tyler W. Blair and Brian Callahan, Assistant Prosecuting Attorneys, *for appellee.*

Michael T. Fisher, *for appellant.*

LISA B. FORBES, P.J.:

{¶ 1} Rayven R. Green ("Green") appeals her conviction for second-degree robbery. After a thorough review of the facts and the law, we affirm.

## I.  Procedural History

### A. Indictments and Guilty Pleas in two Related Cases

{¶ 2}  On July 5, 2022, Green was indicted in the Cuyahoga County Court of Common Pleas in Cuyahoga C.P. No. CR-22-671741-A ("the Robbery Case").  The indictment charged Green with Count 1, aggravated robbery, a first-degree felony, in violation of R.C. 2911.01(A)(1); Count 2, robbery, a second-degree felony, in violation of R.C. 2911.02(A)(1); Count 3, robbery, a third-degree felony, in violation of R.C. 2911.02(A)(3); and Count 4, theft, a fifth-degree felony, in violation of R.C. 2913.02(A)(1).  Alleged in each of Counts 1, 2, and 3 were one- and three-year firearm specifications under R.C. 2941.141(A) and 2941.145(A), respectively.

{¶ 3}  Also pertinent to this appeal is another criminal case that is still pending in the Cuyahoga County Court of Common Pleas.  On December 13, 2022, Green and a codefendant were indicted in a 23-count indictment in Cuyahoga C.P. No. CR-22-676839 ("the Second Case").  Nine of the charges related to Green, including two counts of aggravated murder, three counts of murder, one count of kidnapping, and attendant firearm specifications.

{¶ 4}  On January 28, 2025, the court held a plea hearing concerning both cases against Green.  Regarding the Robbery Case, which underlies this appeal, Green pled guilty to Count 2, second-degree robbery.  The State nolled all other counts and specifications.  As to the Second Case, Green pled guilty to involuntary manslaughter and kidnapping.  The State's plea offer related to both cases and was contingent on Green testifying truthfully against her codefendant in the Second

Case. If she did so, the State agreed to request that the court impose on Green an aggregate prison term of 18-22 years.

**B. Sentencing and This Appeal**

{¶ 5} On May 22, 2025, the court held a sentencing hearing in the Robbery Case. Green's sentencing in the Second Case was held in abeyance pending her testimony in the trial against her codefendant. At the time of this opinion, Green has not yet been sentenced in that case, and her codefendant is still awaiting trial.

{¶ 6} During the sentencing hearing in the Robbery Case, the State requested that the court sentence Green to the maximum prison term allowable for second-degree felony robbery. The State provided the court the following information about the events that gave rise to Green's guilty plea:

> The victim, who was 84 years old at the time . . . had just withdrawn $1,100 from his bank account and he was followed by Raven [sic] Green. He was pushed to the ground and she demanded his money. She . . . threatened to shoot him . . . then took off with his wallet and the money.

{¶ 7} The State further represented to the court that the victim "never did receive his $1,100 back" and, because of this incident, "had a bruise on his left forearm, wrist, and his head."

{¶ 8} In response, defense counsel requested a "fair sentence with respect to Miss Green." Green's attorney asked the court to consider that Green had a history of drug abuse and had taken responsibility for her actions. Green declined to make a statement.

{¶ 9} After hearing from the State and defense counsel, the court provided its rationale for determining Green's sentence. The court stated, "[T]he court is forming its decision based upon the overriding purposes and principles of felony sentencing." The court also stated, "I've considered the seriousness and recidivism factors relevant to the offender and the offense." The court then imposed on Green a prison term of 8 to 12 years, under the Reagan Tokes Law.

{¶ 10} Also on May 22, 2025, the court issued a journal entry that provided, in part, "The court considered all required factors of the law." The journal entry also stated, "The court finds that prison is consistent with the purpose of R.C. 2929.11."

{¶ 11} Green appeals, raising the following assignments of error:

1. The trial court abused its discretion by denying appellant's motion to withdraw her guilty pleas prior to sentencing.

2. The trial court abused its discretion by imposing the maximum sentence contrary to law.

## II. Law and Analysis

### A. Assignment of Error No. 1 — Green's Motion to Withdraw her Guilty Plea

{¶ 12} With her first assignment of error, Green asserts that the trial court erred in denying her motion to withdraw her guilty plea. However, a thorough review of the docket in the Robbery Case reveals that Green never filed a motion to withdraw her guilty plea in the Robbery Case, nor did the court deny a motion to withdraw a plea in the Robbery Case, which is the case that underlies this appeal. The court did note in a March 26, 2025 journal entry in the Robbery Case that Green's motion was not filed in the Robbery Case stating, "Hearing held *on case*

*number 676839* [the Second Case], prose [sic] motion to withdraw plea *on case number 676839* [the Second Case] is denied . . . .” (Emphasis added.)

{¶ 13} The case number listed on Green's motion to withdraw her guilty plea is “CR-22-676839-B,” which is the Second Case. The docket in that case reveals that Green did file a motion to withdraw her guilty plea in that case. Green's motion to withdraw her guilty plea was denied in the Second Case, and that case remains pending before the trial court as of this writing.[1]

{¶ 14} “[The court of appeals] need not address an assignment of error pertaining to issues outside the scope of an appeal.” *State v. Briscoe*, 2012-Ohio-4943, ¶ 9 (8th Dist.). A notice of appeal shall “designate the judgment, order, or part thereof appealed from.” App.R. 3(D). *See State v. Schaible*, 2025-Ohio-5799, ¶ 13 (12th Dist.) (“An appellate court may only consider arguments regarding matters that are properly brought before it in compliance with App.R. 3(D) . . . .”). *See also State v. Walden*, 2016-Ohio-258, ¶ 24 (3d Dist.), quoting *State v. Darks*, 2013-Ohio-176, ¶ 6 (10th Dist.) (“‘[A]ssignments of error must relate to the judgment that is the subject of the notice of appeal.’”). “‘“An appellate court can review only final orders, and without a final order, an appellate court has no jurisdiction.”’” *State v. Dickerson*, 2019-Ohio-2738, ¶ 5 (8th Dist.), quoting *State v. Anderson*, 2014-Ohio-542, ¶ 28, quoting *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 2013-Ohio-2410, ¶ 10.

---

[1] *See State v. Wagner*, 2023-Ohio-1215, ¶ 64 (8th Dist.) (“An appellate court is permitted to take judicial notice of publicly accessible online court dockets.”).

{¶ 15} Green's first assignment of error regarding her motion to withdraw her guilty plea in the Second Case is outside the scope of this appeal. In her notice of appeal, Green explained that she appealed from "the final judgment entry of . . . Brian Mooney entered on May 22, 2025," which is the sentencing entry in the Robbery Case. Green did not designate in her notice of appeal that "the judgment, order or part thereof appealed from" included the motion filed in the Second Case to withdraw her guilty plea. Moreover, at the time Green filed her notice of appeal, the trial court had not issued a final appealable order in the still-pending Second Case. As a result, this court would not have jurisdiction to consider the trial court's decision in the Second Case denying Green's motion to withdraw her plea. *See* R.C. 2505.02; *State v. Colon*, 2016-Ohio-707, ¶ 10 (8th Dist.), quoting *Marc Glassman, Inc. v. Fagan*, 2006-Ohio-5577, ¶ 11 (8th Dist.) ("'Once a final judgment is entered, all interlocutory orders are merged into the final judgment of the court and become appealable.'"). *See also State v. Harris*, 2021-Ohio-1431, ¶ 7 (2d Dist.) (trial court's decision denying postsentence motion to withdraw guilty plea could be challenged on direct appeal from final judgment of conviction as an interlocutory order that merged into final judgment of conviction).

{¶ 16} The State further argues that Green's motion was prohibited by the rule against "hybrid representation." *See State v. Harris*, 2020-Ohio-5425, ¶ 32 (8th Dist.), citing *State v. Martin*, 2004-Ohio-5471. ("The Supreme Court of Ohio has clarified that hybrid representation is not permitted in Ohio. A defendant represented by counsel, may not be co-counsel in his own defense."). *See also State*

*v. Mongo*, 2015-Ohio-1139, ¶ 14 (8th Dist.) ("[W]hen counsel represents a criminal defendant, a trial court may not entertain a defendant's pro se motion."). However, having found that Green's motion to withdraw is outside the scope of this appeal, we do not reach the issue of hybrid representation.

{¶ 17} Accordingly, assignment of error No. 1 is overruled.

### B. Assignment of Error No. 2 — Green's Maximum Sentence

{¶ 18} Green asserts that the trial court erred by imposing the maximum allowable sentence for her second-degree felony robbery conviction. We disagree. Green argues that the "trial court did not address whether Ms. Green's actions were the worst form of such an offense" and that the sentence imposed "does not reflect the facts of the case."

{¶ 19} R.C. 2929.11 and 2929.12 establish criteria that a court must consider in sentencing a felony offender. R.C. 2929.11(A) provides that a trial court "shall be guided by" the following purposes of felony sentencing:

> [T]o protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

{¶ 20} R.C. 2929.12 requires that, in determining the "most effective way to comply with the purposes and principles of sentencing," the court "shall consider additional factors" that relate to the seriousness of an offender's conduct and the likelihood of recidivism. R.C. 2929.12(B) and (C), respectively, establish factors that indicate an offender's conduct is "more serious" or "less serious" than conduct

normally constituting the offense. R.C. 2929.12(D) and (E), respectively, establish factors that indicate an offender is "likely" or "not likely" to commit future crimes.

{¶ 21} R.C. 2953.08(G)(2) addresses appellate review of sentencing, providing that the court of appeals "shall review the record, including the findings underlying the sentence . . . given by the trial court." This court may "increase, reduce, or otherwise modify a sentence . . . [or] vacate the sentence and remand the matter to the sentencing court for resentencing" if it "clearly and convincingly finds" that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law. R.C. 2953.08(G)(2)(b).

{¶ 22} A sentence is contrary to law if it falls outside the applicable statutory range or if the trial court fails to consider the purposes and principles of sentencing established in R.C. 2929.11 and the seriousness and recidivism factors established in R.C. 2929.12. *State v. Pawlak*, 2016-Ohio-5926, ¶ 58 (8th Dist.). Conversely, a sentence within the applicable statutory range, imposed after consideration of the sentencing purposes and factors, is "'presumptively valid.'" *State v. Hinton*, 2015-Ohio-4907, ¶ 10 (8th Dist.), quoting *State v. Collier,* 2011-Ohio-2791, ¶ 15 (8th Dist.). "Courts have 'full discretion' to impose a sentence within the statutory range." *Id.*, quoting *id.* Further, a trial court "can be presumed" to have considered the contents of R.C. 2929.11 and 2929.12 absent an affirmative showing that it failed to do so. *Id.* at ¶ 11.

{¶ 23} R.C. 2929.14 and 2929.144 set forth the statutory range of prison terms pertinent to this appeal. Regarding a conviction for a second-degree felony,

R.C. 2929.14(A)(2)(a) provides in part that "the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years." R.C. 2929.144(A)(1), the Reagan Tokes Law, requires that when an offender is sentenced for a felony of the second degree, the maximum prison term shall be equal to the minimum term imposed under R.C. 2929.14(A)(2)(a) "plus fifty per cent of that term."

{¶ 24} We find that Green's sentence was within the statutory range for a conviction for second-degree felony robbery. The court sentenced Green to a minimum prison term of eight years, the longest term that R.C. 2929.14(A)(2)(a) permits for a second-degree felony conviction. The court also imposed on Green a possible maximum prison term of 12 years, which is equal to her minimum 8-year term plus 50 percent of that term, or 4 additional years under the Reagan Tokes Law.

{¶ 25} We also find that the court considered the sentencing factors required by R.C. 2929.11 and 2929.12. At the sentencing hearing, the court stated that it "form[ed] its [sentencing] decision based upon the overriding purposes and principles of felony sentencing." The court further stated that it "also considered the seriousness and recidivism factors relevant to the offender and the offense." The court's consideration of these factors is reflected in its journal entry, which provides that "prison is consistent with the purpose of R.C. 2929.11" and that the court "considered all required factors."

{¶ 26} Finally, although R.C. 2929.11 and 2929.12 do not require the court to make findings of fact to support its sentencing decisions, we note that the record indicates that the victim in this case was an 84-year-old man who suffered bruising, including to his head, and was deprived of more than $1,000 because of Green's conduct. *See* R.C. 2929.12(B)(1) (allowing a sentencing court to consider whether the injury suffered by a crime victim was exacerbated because of the age of the victim). *See also* R.C. 2929.12(B)(2) (allowing a sentencing court to consider whether a crime victim suffered serious physical or economic harm). Given the foregoing, we do not find that the court's imposition of the maximum allowable sentence was clearly and convincingly unsupported by the record or contrary to law.

{¶ 27} Accordingly, assignment of error No. 2 is overruled.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
EILEEN A. GALLAGHER, J., CONCUR